Conley *v.* The State of Georgia.

In prosecutions for wrongful sale of mortgaged property, as well as in other prosecutions, the indictment or accusation must allege that

the crime was committed in the county where the prosecution is proceeding. It is too late after the accused has been put upon trial, the evidence submitted, and the argument of counsel in part heard, to amend the accusation in a city court so as to charge that the offence was committed in the county alleged in the affidavit on which the accusation is based.

October 21, 1889.

Criminal law. Practice. Indictment. Accusation. Amendment. Venue. Before Judge Van Epps. City court of Atlanta. December term, 1888.

John L. Conley was tried on an accusation by M. E. Maher that, after executing to Maher a mortgage deed to certain personalty, he sold and disposed of a portion of the same to a named corporation, with intent to defraud the mortgagee, and without obtaining his consent or paying the indebtedness the mortgage was given to secure; whereby the mortgagee sustained loss, etc. After the introduction of evidence and during the argument of counsel, it was discovered that, though the affidavit upon which the accusation was based charged the offence to have been committed in Fulton county, the charging part of the accusation required to be signed by the solicitor omitted this allegation; and the solicitor was allowed to amend by inserting the words "in the county of Fulton," so as to make the accusation conform to the affidavit. After verdict of guilty, the defendant moved in arrest of judgment because the accusation contained no allegation where the offence was committed, and because it was not competent to allow the State to amend as stated. The overruling of this motion formed one ground of exception.

D. P. Hill, H. P. Wright and John L. Hopkins & Sons, for plaintiff in error.

F. M. O'Bryan, solicitor, and Arnold & Arnold, for the State.

BLANDFORD, Justice.

The only assignment of error which is necessary to be considered and decided in this case, is the complaint of the plaintiff in error that the court erred in allowing the accusation to be amended so as to charge the offence as having been committed in the county of Fulton, this having been omitted in the original accusation, and it appearing that the accused had been put upon his trial, a jury selected, all the testimony submitted, and argument of counsel to some extent heard, when this amendment was allowed and the case proceeded without any proof being offered other than that which had already been submitted to the court.

The offence in this case was created by the act of 1871 (acts 1871-2, p. 71), and the acts amendatory thereof. Code, §§4600–4601(a); Acts 1887, p. 37. The accusation takes the place of an indictment. We know of no practice or decision of any court of this State allowing proceedings of this sort to be amended under the circumstances of this case. The constitution provides that a person accused of crime shall be tried in the county where the crime was committed. This court has held from the first that it is necessary for the State to prove that the crime was committed in the county where the trial was had, and upon failure to do this new trials have been awarded. If it is necessary to prove the county in which the crime was committed, and that it was in the same county in which the trial is proceeding, it would seem to be essential that the indictment or accusation which charges the crime upon the defendant should also allege that the crime was committed in the county in which such indictment or accusation is proceeding. Without it the indictment or accusation is demurrable, and in this case the motion in arrest of judgment was good. No person can be put

on trial for an offence which is not prescribed by the legislature.

Our statute of amendments does not apply to accusations. The solicitor of the city court, before trial of a criminal case and before the selection of a jury, can at any time amend the accusation as he may deem proper, but it is too late to amend after the party has been put upon his trial, as was done in this case.

So we think the court below erred in allowing the amendment to the accusation in this case, and the judgment is                                   *Reversed.*