## RUCKER *v.* THE STATE.

1. Defects in an indictment or accusation must be taken advantage of either by demurrer before trial or motion in arrest of judgment after conviction. They furnish no reason for the granting of a new trial.
2. Where one is prosecuted under an accusation charging him with the offense of cheating and swindling, upon the ground that he falsely represented that he was the owner of certain property and that the same was unincumbered, and it appears that at the date of the representation there was outstanding a writing which in law amounted to a lien upon property of the accused which, though differing in description from that described in the accusation, was shown by parol evidence to be the same, it was not erroneous, after the introduction of this evidence, for the court to charge that the difference in description was explainable by parol evidence.
3. When counsel for the accused in the argument of a criminal case takes a position before the jury which is calculated to make an erroneous impression upon their minds as to the motives of the prosecutor and the character and consequences of the prosecution, it is not improper for the court in his charge to refer to the subject-matter of such argument and relieve the minds of the jury from such erroneous impression, if it exists.
4. While in a prosecution for cheating and swindling, under the provisions of Penal Code, § 658, it is necessary for the State to show by evidence that the person to whom the false and fraudulent representations were made has sustained injury and damage thereby, such injury and damage are sufficiently shown by proof that the security taken for the payment of the debt upon the faith of such representations is of far less value than it would have been if the representations had been true.

5. The evidence authorized the verdict, and there was no error in refusing to grant a new trial.

Argued October 21, — Decided November 5, 1901.

Accusation of cheating and swindling.    Before Judge Proffitt. City court of Elberton.    May term, 1901.

*Ira C. VanDuzer*, for plaintiff in error.
*Thomas J. Brown*, solicitor, and *Joseph N. Worley*, contra.

COBB, J.    The accused was prosecuted for cheating and swindling, under the provisions of the Penal Code, § 658; the accusation charging that he did falsely represent to M. E. Maxwell that he was the owner of one sorrel horse-mule about ten years old, named Jim, one black mare-mule about eleven years old, named Jule, and " one two iron axle wagon," and that such property was unincumbered; and that he did by such false representations obtain from Maxwell a credit in goods and merchandise of a specified value, to the injury and damage of Maxwell in a specified sum. Upon a verdict of guilty having been returned by the jury, the accused made a motion for a new trial, and the case is before this court on a bill of exceptions in which complaint is made that the judge overruled this motion.

1. In one ground of the motion for a new trial complaint is made that the entire trial was void, for the reason that the accusation upon which the accused was tried was invalid, it being contended that as the act creating the city court of Elberton did not in terms require that accusations against persons charged with crime in that court should be founded upon oath or affirmation, so much of the act as authorized a trial for crime in that court is unconstitutional and void.    Without reference to whether there is any merit in this contention, it is sufficient to say that this defect in the accusation, if it exists, affords no ground for a new trial.    If the accusation was void for any reason, the question should have been raised by demurrer before pleading to the merits, or by motion in arrest of judgment after conviction.    *Boswell* v. *State*, 114 *Ga.*, post.

2. It is alleged that the court erred in giving the following charge to the jury : " You have in evidence before you a note signed by the defendant and others, payable to C. I. Kidd, in which a certain mule was described and the title thereto retained in said C. I. Kidd.    It is claimed by the State that this mule is one of the mules described in the accusation ; and it is claimed by the defendant that the de-

scription in the note is defective as evidence of title. He claimed that the color of the mule is incorrectly described in the note. On that subject I charge you that an incorrect description of the mule as to color alone, in the note referred to, would be explainable by verbal testimony in a civil action between Kidd and the defendant respecting the title to the mule, and would not defeat Kidd's title to the mule so retained in the note. Such incorrect description in the note would, therefore, not avail the defendant as a defense in a criminal action where he is charged with falsely representing that the property was his own and unincumbered." We see no error in this charge. If in the trial of a civil action between the accused and Kidd it could be shown, as is undoubtedly the case, that the mule described in the Kidd note was the same mule that was referred to in the conversation between the accused and the prosecutor, and thus Kidd could have recovered the mule, and thereby prevented the prosecutor from resorting to the mule to obtain payment of his debt, certainly that would establish the fact that the mule mentioned in the accusation was not the unincumbered property of the accused, and that therefore the representations made by the accused to the prosecutor were false.

3. Complaint is made that the court erred in charging the jury that the prosecution for cheating and swindling was a criminal proceeding in the name and behalf of the State, for an alleged violation of a public law; that it is the duty of every good citizen to prosecute for any violation of the penal laws; and that the fact that the prosecution was instituted by the person who was injured by the false representations would not subject him to the criticism of prosecuting a criminal case for the purpose of collecting a debt. It appears from the record that counsel for the accused had argued to the jury that, if he was convicted in this case, it would amount to an imprisonment for debt. In the light of this fact we see no objection to the charge of the court. When counsel in the heat of argument take a position which is not well founded and is calculated to create an erroneous impression upon the minds of the jury, it is not improper for the court in its charge to call attention to this fact and dispel such erroneous impression, if it exists.

4. It was argued that there was no evidence from which the jury could find that the prosecutor had been injured and damaged by the representations of the accused, even if they were false and

fraudulent. The statute declares, in effect, that the crime is not complete unless the person to whom the representations have been made has been defrauded; and it has been held that the representations must both deceive and injure the person alleged to be defrauded. *McGee* v. *State*, 97 *Ga.* 199; *Berry* v. *State*, Id. 202. It is not necessary that the person to whom the representations were made should have lost his entire debt; all that is necessary to be shown is that he has lost a portion of his debt by reason of the fact that the security which he had taken upon the faith of the representations as to the ownership of the property and that it was unincumbered is materially less than it was represented to be. Applying this rule to the facts of the present case, it appears that representations were made that certain property was owned by the accused and unincumbered, and upon the faith of these representations a mortgage was taken, and that on account of the existence of other liens upon the property the security thus taken was far less than it would have been had no lien existed, so much so in fact that the person from whom the credit was obtained has really no security for a portion of his debt. See, in this connection, *Culver* v. *State*, 86 *Ga.* 197. It certainly can not be said that a creditor has not been injured when he extended credit on the faith of a security which did not exist.

5. While the motion for a new trial contains other grounds than those specifically mentioned in the foregoing discussion, the principles above announced dispose of the questions raised by the other grounds. The evidence authorized the verdict, and the court did not abuse its discretion in refusing to grant a new trial.

*Judgment affirmed. All the Justices concurring.*