227.   STUBBS *v.* THE STATE.

RUSSELL, J.   1. Under the Civil Code, § 5526, the court may look to any part of the record to enable it to clearly understand the error complained of; and it appearing in this case that the substance of the affidavit asked to be sent up is identical with what the plaintiff in error contended it to be, it is unnecessary to have the affidavit itself transmitted.

2. The verdict was authorized by the evidence.

Accusation of assault and battery, from city court of Blakely—Judge Jordan. January 11, 1907.

Submitted March 20,—Decided March 22, 1907.

*R. H. Sheffield,* for plaintiff in error.

*W. G. Park, solicitor,* contra.

RUSSELL, J. The plaintiff in error suggests a diminution of the record, and asks that the affidavit of the prosecutor, on which the accusation was based, be ordered transmitted to this court as part of the record. We think it unnecessary to order the affidavit sent up; because even if its contents can be considered on review of a motion for new trial, the truth of the contention of the plaintiff in error, that the affidavit upon which the accusation issued was for a misdemeanor, is already apparent from the record. But if the affidavit is a part of the accusation and for any reason is defective, the objection should have been urged by demurrer, motion to quash, or, even after conviction, by motion in arrest of judgment. Neither on a motion for new trial, nor by a writ of error whose only assignment of error is the overruling of a motion for a new trial, can advantage be taken of the defects of the accusation. This brings us to the merits of the motion. It appears that there was evidence which would have authorized either an acquittal or a conviction, and that the jury, in the exercise of their prerogative, gave the preference to the witnesses for the State. The verdict, under the decision in *Davis* v. *Kirkland,* ante, 5, should not be disturbed.

*Judgment affirmed.*