### 3544. FLANDERS *v.* THE STATE.

1. The act creating the city court of Bainbridge prescribes no special form for the accusation to be preferred in criminal cases in that court further than that the accusation shall be founded on an affidavit, and shall be signed by the prosecuting officer of the court.

2. The provisions of the Penal Code (1910), § 954, relate to the form of indictments or accusations preferred by grand juries, and not to accusations in city courts.

3. The accusation in the present case was sufficient as against motion to quash and motion in arrest of judgment.

DECIDED OCTOBER 10, 1911.

Accusation of wife-beating; from city court of Bainbridge—Judge Harrell. June term, 1911.

*P. D. Rich,* for plaintiff in error.

*M. E. O'Neal, solicitor,* contra.

POWELL, J. 1. The accusation, attacked in the present case both by motion to quash before the trial and by motion in arrest of judgment after the conviction, is in the following form: "Georgia, Decatur County. In the city court of Bainbridge, June term, 1911. . . The following accusation is founded upon the foregoing affidavit of Nancy Flanders, who now, in the name and behalf of the citizens of Georgia, charges and accuses John Flanders with the offense of a misdemeanor, for that the said John Flanders, on the 15th day of March, in the year 1911, in the county aforesaid, then and there unlawfully and with force and arms did whip, beat, and otherwise cruelly maltreat his wife, Nancy Flanders, contrary to the laws of said State, the good order, peace, and dignity thereof. [Signed] M. E. O'Neal, solicitor. Nancy Flanders, prosecutor." The specific objection is that the accusation alleged that Nancy Flanders charges and accuses the defendant in the name and behalf of the citizens of Georgia, when it should so read as to make M. E. O'Neal, the solicitor of the court, the accuser. The act creating the city court of Bainbridge (Acts 1900, p. 104) contains only the following provision on this subject: "Defendants in criminal cases in said city court of Bainbridge may be tried on written accusation founded on affidavit, which accusation shall be signed by the prosecuting officer of said court." The present accusation was founded on an affidavit, and was signed by the prosecuting officer of the court. It seems to be sufficient, so far as the act creating the court is concerned.

2. Counsel for the plaintiff in error bases his contention as to the insufficiency of the accusation on the ground that the Penal Code (1910), § 954, prescribes the form for indictments and accusations. That section does prescribe a form for "every indictment or accusation of the grand jury." Under the form there prescribed, the grand jurors, "in the name and behalf of the citizens of Georgia," are made the accusers. We do not think that this section of

the Penal Code has any applicability to accusations in city courts further than to furnish a general outline as to how such accusations should be drawn.

3. We are of the opinion that an accusation in the city court of Bainbridge is sufficient where it is signed by the prosecuting officer of the court and is based on an affidavit, whether the name of the solicitor or the name of the maker of the affidavit is .formally employed to designate the accuser who "in the name and behalf of the citizens of Georgia" charges the accused with the offense set out in the accusation. Either form may be adopted. Since the affidavit of the prosecutor is made a substitute for the formal finding of the grand jury as to these misdemeanors, it is perhaps the better practice to follow the form adopted in the present case.

*Judgment affirmed.*