### 6023. FOSS *v.* THE STATE.

1. Defects in an indictment afford no ground for a new trial. Exceptions which go merely to its form should be made by demurrer, before trial. For matters affecting its real merits, the remedy after trial is by motion in arrest of judgment.
2. While the offense of cheating and swindling is not complete unless the representations are both deceiving and injurious, it is not necessary that the defendant himself be benefited by his fraud.
3. Where one is on trial for an attempt to commit the offense of cheating and swindling, and the charge of the court upon the subject of "attempts" is correct, in the absence of a timely written request for further instructions as to mere preparatory acts, the failure of the judge to so charge is not error.
4. Where an indictment alleged that representations were made to A., and the proof showed that they were made directly to B., but in A.'s presence and hearing and for the purpose of having A. to act upon them, and that at the same time the one who made the representations handed to A. a fraudulent bill, directly connected with the representations, and that A., acting upon these representations, made in his presence and hearing, had B. to "O. K." the bill, *held*, that this did not constitute a material variance between the allegations in the indictment and the proof.
5. Proof of presentation of the bill for payment was sufficient proof of demand for payment.
6. The court committed no error in sustaining the solicitor-general's ob-

jection to allowing the witness to state the substance of a conversation between himself and the British consul.

7. Where an indictment for cheating and swindling alleged that "any amount of money paid by said captain in response to said demand was taken by the captain from any wages then due or to become due to said Anderson," and the proof showed that no money was actually paid by the captain, but that an attempt was made to get him to pay it, this variance was immaterial, when the State had abandoned its attempt to convict the accused of cheating and swindling, and contended only for a verdict for an attempt to commit that offense, and when the jury brought in a verdict for an attempt only.

8. The evidence authorized the verdict, and there was no error in the overruling of the motion for a new trial.

9. The other assignments of error are without merit.

DECIDED DECEMBER 22, 1914.

Accusation of misdemeanor; from city court of Savannah—Judge Davis Freeman.  October 29, 1914.

*Joseph M. Dreyer,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* contra.

BROYLES, J.  I. Foss, a merchant, was convicted of an attempt to defraud one Gustave Anderson, a member of the crew of a British ship in the harbor of Savannah.  Anderson had been fined $10 by the recorder in the police court of Savannah, and Foss had, through an attorney, obtained Anderson's release from jail without the payment of the $10 fine, or any part thereof, except $1, which Foss paid for a certified copy of the charges against Anderson.  After Anderson was released from the jail, Foss, according to the State's evidence, told Anderson that he (Foss) had paid the $10 fine out of his own pocket, and presented a bill to Anderson for $15 "for clothing," stating to Anderson that the fine which he had paid was included in the bill; whereupon Anderson approved the bill.  Several days afterward Foss presented this bill for $15 to F. A. Smith, the captain of the ship, for payment, and stated to Anderson, in the presence and hearing of Smith, that the fine which he had paid for Anderson was included in this bill.  Whereupon, in the presence of Foss and Smith, Anderson "O. K.'d" the bill.  The undisputed evidence further showed that no fine had been paid by Foss, and that Anderson had been released without the payment of any fine, and that if Captain Smith had paid this bill he would have taken the amount out of Anderson's wages. Foss introduced evidence to show that before getting Anderson out of jail, he, Foss, had told Anderson that it would be necessary to

employ an attorney to get him out, and that Anderson had agreed to this. Foss denied ever telling Anderson, or any one else, that he had paid Anderson's fine. The undisputed evidence further showed that Foss had asked an attorney to see if he could get Anderson out of jail, and that the attorney saw the recorder and persuaded him to release Anderson without the payment of any fine, and that Foss, on the following day, paid to that attorney, or his representative, $10 for his services. Anderson and several other witnesses for the State testified that he had never authorized Foss to employ a lawyer, and that Foss never said anything about getting a lawyer, and that he, Anderson, told Foss to go to Captain Smith and have Smith get him out.

1. The first and strongest contention of plaintiff in error in this case is that the verdict is contrary to law, for the reason that the accusation charges that the plaintiff in error, "by the use of deceitful means and artful practices, did cheat and defraud Gustave Anderson out of the sum of $12.35 in money, of the value of $12.35, to wit, *by falsely and fraudulently to F. A. Smith* that he had paid for the account and on behalf of one Gustave Anderson the sum of $10, and in money, to the authorities of the police court of the city of Savannah, to secure the release from custody of said Gustave Anderson, he, the said Gustave Anderson, having been fined said sum of $10 in the police court of the city of Savannah, and that he the said Foss desired the said money to reimburse himself; said Gustave Anderson being a steward on board the steamship 'Foxton Hall,' and said F. A. Smith being captain thereof, and any amount of money paid by said captain in response to said demand was taken by said captain from any wages then due, or to become due, to said Gustave Anderson, contrary to the laws," etc. Counsel contends that this accusation is fatally defective in substance, because it fails to allege the making of a false and fraudulent representation, there being an omission to state that any representation was made. So far as appears this question was not raised in the court below. Even a casual reading of the accusation is sufficient to show that the word "representing" was inadvertently omitted. We are inclined to hold that this was a defect in form only, which should have been objected to by demurrer before the trial. But whether it is a defect in form or in substance, it affords no ground for a new trial. *White* v. *State,* 93 *Ga.* 47 (19 S. E. 49) ; *Boswell* v.

*State,* 114 *Ga.* 40 (2) (39 S. E. 897); *Rucker* v. *State,* 114 *Ga.* 13 (39 S. E. 902); *Eaves* v. *State,* 113 *Ga.* 750 (7), 758 (39 S. E. 318).

2. While the offense of cheating and swindling is not complete unless the representations are both deceiving and injurious, it is not necessary that the defendant himself be benefited by his fraud. 19 Cyc. 409. If Foss, by false representations, defrauded Anderson out of this $10, and then for any reason chose to give this money to a third person, the offense was complete. The evidence is that Foss gave $10 to his attorney, although he had beforehand made no contract with the attorney for any fee, but, the day after Anderson's release from jail, Foss walked into the attorney's office and handed him $10, telling him it was a fee for getting Anderson out of jail. The evidence is that this attorney had been the regular counsel for Foss for ten or fifteen years, and it is possible that Foss wished to ingratiate himself into the favor of his counsel by making him a present of this $10. But the law is clear that when one defrauds another out of money, or any other article of value, he can not escape the consequences of his act by giving the money or other article to some third party and then claiming that he was not benefited by the fraud, and, therefore, should not be convicted.

3. In a case of cheating and swindling, where the charge of the court upon the subject of "attempts" is correct and sufficiently full, if any more explicit charge is desired on the doctrine of locus pœnitentiæ, or mere preparatory acts, a request therefor should be submitted in writing, and, in the absence of such a request, the failure of the judge to so charge is not error.

4. The proof shows that the fraudulent representations were made directly to Anderson, but in Captain Smith's presence and hearing, and that they were made by Foss for the purpose of having Captain Smith act upon them, and that at the same time that Foss made these representations he handed to Captain Smith a bill purporting to be for clothing, amounting to $15, and that Captain Smith asked Anderson if the bill was correct; that Anderson then asked Foss if the $10 fine which Foss claimed to have paid for Anderson was included in the bill, and that Foss said that it was; and Captain Smith thereupon had Anderson to "O. K." the bill. Counsel for plaintiff in error contends that this made a fatal variance between the allegata and the probata, in that the proof

failed to show that the representations were made to Captain Smith. In our opinion the facts above stated show that substantially the representations were made to Captain Smith.

5. Counsel also contends that there was no demand for payment made upon Captain Smith, as alleged in the indictment, and that this is a fatal variance between the allegation and the proof. The proof shows that Foss presented the fraudulent bill against Anderson to Captain Smith for payment, and, in our opinion, this was substantially a demand for payment.

6. ' It is contended that the court erred in sustaining the objection of the solicitor-general to allowing the witness Schwarz to relate a conversation between himself and the British consul. We do not think the court committed error in so ruling. This conversation was clearly hearsay and should not have been admitted.

7. Counsel further contends that, as the indictment alleges that "any amount of money paid by said captain, in response to said demand, was taken by the captain from any wages then due, or to become due, to said Gustave Anderson," and the proof shows that no money was actually paid by the captain, but that only an attempt was made to get him to pay it, there is a fatal variance between the allegations of the indictment and the proof. In our opinion this variance was immaterial, when the State had abandoned its attempt to convict Foss of cheating and swindling, and contended only for a verdict for an attempt to commit that offense, and when the jury brought in a verdict for an attempt only. Penal Code, § 1061.

8. Counsel for plaintiff in error strongly insists that there was no evidence to authorize the verdict, and that the court should have granted the motion for a new trial. The crime of cheating and swindling is not complete unless the representations both deceive and injure the person alleged to have been defrauded. Did Foss's representations both deceive and injure Anderson, the prosecutor in this case? The evidence is very strong that they did deceive Anderson. But is there any evidence that he was injured by these representations? Of course, since Foss was tried and convicted only for an attempt to defraud Anderson, the question becomes this: If Foss had succeeded in getting Captain Smith to pay him $10 out of Anderson's wages, would Anderson have been injured? The learned counsel for the plaintiff in error strongly contends

that he would not have been; that he had been fined $10 by the recorder and was locked up in jail, and that when Foss came to his rescue and secured his release, even if Smith had paid to Foss the $10, there would have been no injury inflicted. It will be remembered that according to the evidence for the State, Anderson denied that Foss said anything about getting a lawyer to secure his release; that Anderson told Foss to go and see the captain of the ship and have him get him out. From the recorder's testimony it seems very probable that if Foss had gone to the captain as requested by Anderson, instead of going to a lawyer, the captain could have prevailed upon the recorder to release Anderson without the payment of any fine, just as the lawyer did. The recorder's testimony on this point was as follows: "In granting these discharges I did so at the request of Mr. Leaken [the lawyer]. Of course that was the moving cause of my doing so. He said the captain had requested him to do it, and I did it because of that. I am very clear on that." And in another part of his testimony the recorder says: "I gave Mr. Leaken a discharge for the three upon the condition that the men would not be given shore-leave, and upon the condition that the vessel would leave by the next morning at 10 o'clock. They were in jail and we wanted to get rid of them." From this language, and especially the last sentence, it would seem that even without the aid of a lawyer, the captain could undoubtedly have prevailed upon the recorder to release Anderson without the payment of any fine, and Anderson would then have been free without any necessity whatever to pay a lawyer's fee. So it seems to us that there is some evidence to support the finding of the jury that Anderson was both deceived and injured by Foss's representations; and, there being no error in the charge of the court, there was no error in overruling the motion for a new trial.

In our opinion the remaining assignments of error are without merit.                                        *Judgment affirmed.*