## 6270.   BROWN *v.* THE STATE.

1. The act establishing the city court of St. Marys (Acts 1908, p. 227 et seq.) provides that defendants in criminal cases may be tried in that court on written accusations setting forth plainly the offense charged, founded on an affidavit made by the prosecutor before the judge or some other officer authorized to issue warrants. It did not affirmatively appear in this case that the accusation was founded upon such an affidavit.

2. An accusation in a city court must be founded upon an affidavit definitely charging some offense against the law. "The accusation must follow the affidavit, and the proof must follow and conform to both." *Shealey* v. *State,* ante, 191 (84 S. E. 839).

3. An indictment or accusation charging a violation of section 226 of the Penal Code, which penalizes the cutting or removing of timber or tanbark from uninclosed lands under certain conditions, should set out in whom the ownership of the lands, either partial or complete, is vested, as the statutory offense is in the nature of a trespass.

4. Where a constitutional question is raised in this court, but its solution is not necessary to the determination of the case under consideration, the question will not be certified to the Supreme Court.

5. The court erred in overruling the demurrer to the accusation.

DECIDED· MAY 4, 1915.

Accusation of misdemeanor; from city court of Saint Marys— Judge McElreath. December 5, 1914.

*R. D. Meader,* for plaintiff in error.

*S. C. Townsend, solicitor,* contra.

WADE, J.   E. A. Brown was tried in the city court of St. Marys, under an accusation charging him with a violation of section 226 of the Penal Code of 1910, which makes it a misdemeanor "for any person, company, firm or corporation to enter or cut or remove

from any uninclosed lands in this State any timber or tan-bark on such lands, unless such person, firm, company, or corporation shall, before so doing, have on record, in the county where such land lies, a deed of conveyance to the same, prima facie showing title to such lands, or shall have a written contract from some person, company, or corporation, who has on record in the county where such land lies, deeds of conveyance, prima facie showing title in the person, company, or corporation entering into said contract." The defendant interposed a demurrer to the accusation, on the ground that section 226 of the Penal Code of 1910 was null and void, because violative of the constitution of the State of Georgia and opposed to sound public policy, and upon the further ground that no affidavit as prescribed by law was filed in the city court of St. Marys, as a basis for the said accusation, at or before the filing of the accusation, and no warrant based upon such an affidavit had been filed in the said court, and it was not alleged in the said accusation who was the owner of the lands which the defendant entered.

It is unnecessary to certify to the Supreme Court the question raised as to the constitutionality of section 226, supra, since, under the view we take of the case, a decision of the question is not necessary to a determination of the case under consideration (Civil Code, § 6506); nor can we consider or determine whether or not this statute is opposed to sound public policy.

The act of 1908, establishing the city court of St. Marys (Acts of 1908, p. 227 et seq.), provides, in section 28 thereof, that "the defendants in criminal cases in said city court of St. Marys may be tried on written accusation setting forth plainly the offense charged, founded on affidavit made by the prosecutor; said affidavit shall be made before said judge, or other officer authorized to issue warrants, and said accusation shall be signed by the prosecuting officer in said court. . . In all criminal cases within the jurisdiction of said city court, the defendant shall not have the right to demand an indictment by the grand jury of the county of Camden." From the record in this case it appears that the accusation under which the defendant was tried recites that it is based "upon the affidavit of S. T. Hanks" (the prosecutor), but it does not affirmatively appear when the prosecutor made the affidavit, nor does it appear that the affidavit was made before an officer "authorized to issue

warrants," or that it was then of file in the said court, or in fact had ever been filed therein prior to the time of the trial. The judgment of the court, sitting as a jury, finding against a plea in abatement based upon this ground, which was also a ground of the demurrer (that the accusation was void because no affidavit of the prosecutor, as the basis for the accusation, had been filed in the court, at or before the filing of the accusation), recites, it is true, that "the solicitor of this court had in his possession at the time of the filing of said accusation various affidavits made by the prosecutor, charging the defendant with the offense of a misdemeanor, and has them now in court, and delivered to-day to the clerk;" but from these recitals it is impossible to determine whether the accusation upon which the defendant was tried followed the affidavits referred to by the trial judge, or whether the proof offered to support the case in behalf of the prosecution conformed to both the accusation and the affidavits.

It is said in *Shealey* v. *State,* ante, 191 that "an accusation in a city court must be based upon an affidavit charging the offense, and the proof must conform to the affidavit as well as to the accusation. In other words, the accusation must follow the affidavit, and the proof must follow and conform to both." In that case the conviction was set aside, it appearing that the evidence introduced to show the commission of the crime tended to show that the time at which it was committed was several months after the making of the affidavit upon which the accusation was based (though prior to the date on which the accusation was filed), and the suggestion was made that the person making the affidavit could not at the time of making it have gazed into the future to determine, or even conjecture, that the accused would on a date some months later commit the crime charged against him in the accusation. It is true that an accusation may be broader than the original affidavit and warrant, since the purpose of the affidavit and warrant is merely to bring the party before the court; and the accusation must frequently be much more specific, in order to present such a valid charge as to meet the requirements of criminal pleading by putting the defendant on notice of the identical charge he is expected to meet, and thus enable him to properly prepare his defense against that charge (*Lepinsky* v. *State, 7 Ga. App.* 285, 288. (66 S. E. 965)); but, nevertheless, there must be some apparent connection

between the affidavit and the accusation based thereon, and it must appear, as decided in *Shealey* v. *State,* supra, that the crime charged in the accusation was at least committed prior to the date of the affidavit upon which the accusation was founded.

The act establishing the city court of St. Marys plainly requires that the written accusation shall be founded on an affidavit made by the prosecutor, and that the affidavit shall be made before the judge of that court, "or other officer authorized to issue warrants." From the recitals in the judgment finding against the plea in abatement, it does not appear that the "various affidavits" made by the prosecutor, which charged the defendant simply with the commission of a misdemeanor, had in fact been made before the judge of the city court of St. Marys, or before any "other officer authorized to issue warrants," but they may have been sworn to and subscribed before a commercial notary, or the clerk of the superior court of Camden county, or the clerk of some other county, or before some ordinary of the State—none of whom are officers authorized to issue warrants, though all have authority to attest certain affidavits. Nor does it appear whether these "various affidavits" of the prosecutor were made before or subsequently to October 15, 1914, the date on which the defendant was charged in the accusation with entering upon and cutting and removing from certain unclosed lands certain pine logs, etc. Again, the act establishing the city court of St. Marys provides that in all criminal cases within the jurisdiction of that court the defendant shall not have the right to demand an indictment by the grand jury of the county of Camden; so that if an accusation were based upon one or more affidavits made by the prosecutor, not attached to the accusation and apparently not filed in the court, and a demurrer or plea in abatement raising the issue that the accusation was insufficient should be decided against the accused, he would be compelled to go to trial with perhaps no precise knowledge as to the date, the verification, or the nature and substance of the affidavit which had given rise to the accusation, since he could not demand an indictment and thus escape trial under an accusation which was without apparent foundation. The law does not contemplate that the defendant shall be tried upon the accusation alone; he is entitled to full information as to the affidavit against him upon which the accusation is based, and may take advantage not only of defects

appearing in the accusation, but of defects which may appear only in the affidavit, since the two must conform and the proof must follow and conform to both.

It does not definitely appear that the various affidavits in the possession of the solicitor, made by the prosecutor at some indefinite time before the trial (either before or after the accusation had been filed), had ever been actually filed with the clerk, though delivered on the day of the trial to the clerk at some place (whether in the court-room or in his office, or elsewhere, does not appear) and by some one unnamed; nor does it appear what particular crime these various affidavits charged against the defendant, though, from the statement of the trial judge, the affidavits charged the defendant with the offense of "a misdemeanor." It may be perhaps assumed that no specific misdemeanor was charged in any one of the affidavits, but that the omnium gatherum clause ("a misdemeanor") was the only description given in these several affidavits of the crime charged therein; and on the other hand, since the words "a misdemeanor" are not placed between quotation marks, in the judgment of the trial judge, and it does not otherwise appear that they are quoted, it may be that each affidavit charged some particular misdemeanor by name, and an entirely different misdemeanor from that charged in the accusation.

The better practice undoubtedly is to attach the accusation to the affidavit upon which it is based, and to file both in the court; and this appears to us to be what the act establishing the city court of St. Marys reasonably intended, since otherwise confusion might ensue where affidavits and accusations are erroneously associated and conflicts are thus created.

We think the trial judge erred in not sustaining the demurrer on the ground that it did not affirmatively appear that the accusation was based upon an affidavit conforming to the requirements of the organic law of the city court of St. Marys; and since all further proceedings were therefore nugatory, it is not necessary to discuss any other point raised in the record, or to amplify the other rulings made in the headnotes.                    *Judgment reversed.*