7014.   SMITH v. THE STATE.

WADE, J.   1.  Since the motion in arrest of judgment complains only that
    "the accusation on which the defendant was tried and convicted was
    never filed in the office of the clerk of the city court of LaGrange," and
    since the motion does not relate to any matter affecting the real·merits
    of the offense charged, the trial judge did not err in refusing to sus-
    tain the motion.  Penal Code, § 980.  See also *Gilmore* v. *State,* 118
    *Ga.* 299 (45 S. E. 226).  Such a motion must be predicated upon some
    defect, *not amendable,* which appears on the face of the record or
    pleadings.  *Leffler* v. *Union Compress Co.,* 121 *Ga.* 40·(48 S. E. 710).
    See also *Huger* v. *Cunningham,* 126 *Ga.* 684 (7), 692 (56 S. E. 64);
    *Gilbert* v. *State,* 17 *Ga. App.* 143 (86 S. E. 415).  Accusations, un-
    like indictments, may be amended.  *Goldsmith* v. *State,* 2 *Ga. App.* 283
    (58 S. E. 486).
(a) One object of arraignment is to afford opportunity to object to an
    accusation or indictment before pleading to the merits; and, if the
    plaintiff in error had desired to interpose any objection to the accusa-
    tion, he should have done so by a plea in abatement or a motion to
    quash.
2.  There was some evidence to authorize the verdict returned, and the trial
    judge did not err in overruling the motion for a new trial.

                        *Judgment affirmed.  Russell, C. J., dissents.*
                        DECIDED FEBRUARY 4, 1916.

Misdemeanor; from city court of LaGrange—Judge Harwell.
October 19, 1915.

*M. U. Mooty, A. J. Andrews,* for plaintiff in error.
*Henry Reeves, solicitor,* contra.