## 9927. BISHOP *v.* THE STATE.

"The solicitor of a city court, before the trial of a criminal case and before the selection of a jury, can at any time amend the accusation as he may deem proper." *Conley* v. *State,* 83 *Ga.* 496, 499 (10 S. E. 123); *Goldsmith* v. *State,* 2 *Ga. App.* 283, 286 (58 S. E. 486).

(a) The solicitor of a city court may amend an accusation at any time before the defendant therein has pleaded to the merits, provided the affidavit of the prosecutor will support the accusation as amended, unless such amendment is forbidden by the act creating the court. *Goldsmith* v. *State,* supra.

DECIDED NOVEMBER 1, 1918.

Accusation of assault and battery; from city court of Bainbridge—Judge Spooner. June 19, 1918.

*Hartsfield & Conger,* for plaintiff in error.

BROYLES, P. J. The affidavit and the accusation as originally

drawn charged "Cy" Bishop with having committed the offense of assault and battery. Upon the call of the case for trial and after both the State and the defendant had announced ready for trial, the solicitor erased from the accusation the name "Cy" and inserted in lieu thereof the name "Corry." Likewise the officer before whom the affidavit (the basis of the accusation) was made erased, in the presence of the prosecutor, the name "Cy" in the affidavit and inserted in lieu thereof the name "Corry." These amendments were allowed by the trial judge over the objection of the accused that they could not be then made in that form and manner. The defendant then moved to quash the amended accusation, and this motion was overruled.

While the proper procedure would have been for the judge to sign a formal order amending the affidavit and accusation, the slight irregularity in the form and method of the amendment in this case was not error. Especially is this true as no other conclusion can be drawn from the pleadings than that "Cy" and "Corry" were one and the same person. "Cy" or "Corry" was present and defending, and the accusation as originally drawn was good, there being no plea of misnomer.

It is not shown that the defendant had pleaded to the merits of the case, but merely that the case had been called for trial and that both sides had announced ready. Under these circumstances the court committed no error, either in allowing the amendment or thereafter in refusing to quash the accusation as amended.

*Judgment affirmed. Bloodworth and Harwell, JJ., concur.*