### 12602.   JONES *v.* THE STATE.

BROYLES, C. J.   1.   " 'The solicitor of a city court, before the trial of a criminal case and before the selection of a jury, can at any time amend the accusation as he may deem proper.' *Conley* v. *State*, 83 Ga. 496, 499 (10 S. E. 123); *Goldsmith* v. *State*, 2 *Ga. App.* 283, 286 (58 S. E. 486). . . The solicitor of a city court may amend an accusation at any time before the defendant therein has pleaded to the merits, provided the affidavit of the prosecutor will support the accusation as amended, unless such amendment is forbidden by the act creating the court. *Goldsmith* v. *State*, supra." *Bishop* v. *State*, 22 *Ga. App.* 784 (97 S. E. 251). ∘

2. Conceding, but not deciding, that the accusation as originally drawn was subject to the demurrer interposed, the amendment to the accusation cured the defect, and it was not error for the court to allow the amendment before the accused had pleaded to the merits, even though there · was no written order allowing the amendment. " While the proper procedure would have been for the judge to sign a formal order amending the affidavit and accusation, the slight irregularity in the form and method of the amendment in this case was not error." *Bishop* v. *State*, supra.

(a)   It is not disclosed by the bill of exceptions or the record that the accusation as amended was not supported by the affidavit of the prosecutor, and this question was not raised by the demurrer.

3. The first ground of the amendment to the motion for a new trial cannot be considered, as it is not complete and understandable within itself, and, to ascertain whether the evidence objected to and admitted was material, this court would have to refer to the brief of evidence.

4. The refusal of the court to allow counsel for the accused to ask certain character witnesses for the defense whether they had ever " until this case came up against him " heard anything bad about the defendant, or anything against his character for honesty, was not harmful error (if error at all), since the brief of the evidence discloses that substantially the same questions were elsewhere answered by the witnesses.

5. In the absence of a request for a fuller charge upon the subject of good character, the following instruction was sufficient: " Proof of character may be of itself sufficient to generate in the minds of the

jury a reasonable doubt of the defendant's guilt;" the court, else-where in the charge, having fully instructed the jury upon the sub-ject of a reasonable doubt.

6. In a misdemeanor case the defendant can be lawfully convicted on the uncorroborated testimony of an accomplice. The evidence in this case authorized the verdict, and, the trial judge having approved the finding of the jury, and no error of law appearing, this court is without authority to interfere.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 16, 1921.

Accusation of receiving stolen goods; from city court of Al-bany — Judge Clayton Jones.   June 6, 1921.

*Claude Payton,* for plaintiff in error.

*Cruger Westbrook, solicitor,* contra.