20053. FOY v. THE STATE.

DECIDED DECEMBER 10, 1929.

*John W. Bennell, Bouhan & Atkinson,* for plaintiff in error.
*Walter C. Hartridge, solicitor-general, Julian Hartridge,* contra.

LUKE, J. The defendant was convicted of involuntary manslaughter in the commission of a lawful act in an unlawful manner, and in his bill of exceptions assigns error on the judgment overruling and denying a motion in arrest of judgment, and on the judgment overruling his motion for a new trial.

The accusation "charges and accuses Anderson Foy . . with the offense of a misdemeanor, for that the said Anderson Foy, in the county of Chatham and State of Georgia aforesaid, on the 3d day of August, in the year of our Lord one thousand nine hundred and twenty-nine, did unlawfully kill one Cumpsey Hamilton, a human being, without any intention to do so, but in the commission of a lawful act, which probably might produce such a consequence, in an unlawful manner, that is to say in the commission of a lawful act, where there was not observed necessary discretion and caution, in that the said defendant did operate a certain motor-vehicle, to wit, an automobile, upon a certain public highway of this State, to wit one Louisville Road, in a lawful manner but not observing the necessary discretion and caution, and did then and there run and drive said automobile into a wagon which was then and there being driven on said road by one Paul King, and did then and there, as a result thereof, cause the said Cumpsey Hamilton to be thrown and be knocked out of said wagon onto the Louisville Road, thereby inflicting upon the said Cumpsey Hamilton certain mortal wounds, blows, and bruises, of which said mortal wounds, blows and bruises the said Cumpsey Hamilton did then and there die, contrary to the laws of said State," etc. Section 67 of the Penal Code provides that "Involuntary manslaughter shall consist in the killing of a human being without any intention to do so, but in the commission of [an unlawful act, or] a lawful act, which probably might produce such a consequence, in an unlawful manner." Section 69 of the Penal Code provides that "Involuntary manslaughter, in the commission or performance of a lawful act, where there has not been observed necessary discretion and caution, shall be punished as for a misdemeanor." After charging the doing of the lawful act which probably might produce such a consequence, in an unlawful manner, as set out in § 67, the pleader went further and set out that the unlawful manner consisted in failing to observe "necessary discretion and caution," as provided in § 69. While failure to observe necessary discretion and caution is not, within itself and

taken alone, a crime, the statute specifically and distinctly provides that failure to observe necessary discretion and caution in the performance of a lawful act which results in a homicide is punishable; and if punishable it must necessarily be a violation of the law. See *Aaron* v. *State,* 31 *Ga.* 167, 185. Furthermore, if the act be lawful, the gravamen of the offense defined in § 69 must be the failure to observe necessary discretion and caution.

By a comparison of the accusation with the foregoing code-sections it will be noted that the pleader has alleged the offense strictly in the language of the statute; and it is not void. A timely demurrer to the accusation would have made it necessary for the State to allege further details, but (except in cases where the accusation or indictment is absolutely void) the defendant can not waive his right of demurrer, put the State to the expense of a trial, procure a chance of acquittal, and then, on conviction, insist upon a point that could have been raised before the trial. In *Gravitt* v. *State,* 36 *Ga. App.* 301 (136 S. E. 829), this court said: "'Every defendant has the right to be tried upon an indictment or accusation perfect in form and substance, but this right, like every other (even the right of trial itself), may be waived. One who waives his right to be tried upon an indictment perfect in form as well as substance, and takes his chances of acquittal, will not be heard, after conviction, to urge defects in the indictment, unless those defects are so great that the accusation is absolutely void.' *Lanier* v. *State,* 5 *Ga. App.* 472 (2) (63 S. E. 536)." Of course, if the accusation had been absolutely void, the verdict and judgment based thereon could not stand; but since the accusation alleged the crime, and the defect in the accusation could have been cured by more specific allegations, the court properly denied the motion in arrest of judgment. See *Smith* v. *State,* 17 *Ga. App.* 612 (87 S. E. 846), and cit.

While the State alleged that the accused failed to observe necessary discretion and caution, it failed to sustain this allegation by proof. The evidence fails to show that the defendant was guilty of criminal negligence, or manifested any reckless disregard for human life, or criminal intent, or in any way violated the statute under which he was accused. The State proved that the defendant committed the homicide, but not every homicide is unlawful. It may be justifiable or accidental, and the evidence shows this to be

in the latter class. The record discloses that the defendant was traveling in his automobile from Atlanta to Savannah; that the accident occurred just before daylight; that the defendant was on the right hand side of the road and traveling at a moderate rate of speed; that just before he reached the wagon in which the deceased was riding he went up a slight incline which threw the lights on his automobile upward; that after he got on top of the incline and when he was within about eight or ten feet of the wagon, he saw it; that as soon as he saw the wagon he "jambed the brakes on, did not just apply them—threw them in with full force," skidded his car several feet, and made every effort to stop it; that regardless of his effort he hit the wagon, killed one of the occupants thereof, and injured others; that he rendered all assistance possible to the injured, ran to a near-by place and had a doctor and ambulance called, and then came back to the scene of the accident. There was no evidence that the defendant had any whisky with him or in him. On the contrary, the State's witness testified that "he was sober." The mere fact that the defendant's car did hit the wagon and resulted in the homicide is by no means conclusive proof that this was a probable consequence, or that the defendant was guilty of wantonness, recklessness, or criminal negligence. "To constitute a crime there must be either the joint operation of act and intention, or criminal negligence. Criminal negligence necessarily implies, not only knowledge of probable consequences which may result from the use of a given instrumentality, but also wilful or wanton disregard of the probable effects of such instrumentality upon others likely to be affected thereby. Consequently, criminal negligence is not shown as against a defendant who uses every means in his power for the safety of those whom it is alleged his negligence has affected." *Carbo* v. *State*, 4 *Ga. App.* 583 (2, 3) (62 S. E. 140). "All of the authorities are agreed that, in order to hold one a criminal, there must be a higher degree of negligence than is required to establish negligent default on a mere civil issue, and that, in order to convict of involuntary manslaughter, attributable to a negligent omission of duty, when engaged in a lawful act, it must be shown that a homicide was not improbable under all the facts existent at the time, and which should reasonably have an influence and effect on the conduct of the person charged. . . Negligence which will render unintentional homicide criminal is

such carelessness or recklessness as is incompatible with a proper regard for human life. An act of omission as well as of commission may be so criminal as to render death resulting therefrom manslaughter. But the omission must be one likely to cause death." State of North Carolina v. Tankersley, 172 N. C. 955 (90 S. E. 781, L. R. A., 1917C, 535).

The State alleges and admits that the defendant was engaged in the performance of a lawful act; and, there being no proof of criminal negligence, the verdict of guilty was unauthorized, and the court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*