## 24878. YOUMANS v. THE STATE.

BROYLES, C. J. 1. "Every defendant has the right to be tried upon an indictment or accusation perfect in form and substance, but this right, like every other (even the right of trial itself), may be waived. One who waives his right to be tried upon an indictment perfect in form as well as substance, and takes his chances of acquittal, will not be heard, after conviction, to urge defects in the indictment, unless those defects are so great that the accusation is absolutely void." *Lanier* v. *State,* 5 *Ga. App.* 472 (2) (63 S. E. 536); *Gravitt* v. *State,* 36 *Ga. App.* 301 (136 S. E. 829).

2. In the instant case the defendant was tried on an accusation which charged him with the commission of a misdemeanor (simple larceny).

Before the trial he waived formal arraignment, copy of the accusation, and a list of the witnesses, and entered a formal plea of not guilty. After his conviction he filed a motion for a new trial, and one of the grounds thereof was based upon the ground that the accusation had not been filed in the office of the clerk of the trial court. *Held*, that the failure to so file the accusation was a mere irregularity and did not render it void, and under the facts of the case the defendant must be held to have waived the irregularity. "Under the Code of this State, all exceptions to the indictment for form, or for matters that may arise by special demurrer, or by plea in abatement or in bar, must be made in writing preliminary to the trial, and if not made at the proper time, are to be held as waived in contemplation of law." *Hill* v. *State*, 41 *Ga.* 484 (2); *Foy* v. *State*, 40 *Ga. App.* 617 (150 S. E. 917). Moreover, defects or irregularities in an indictment or accusation can not be complained of in a ground of a motion for a new trial, but the objections to the indictment or accusation "must be made by demurrer or motion in arrest of judgment. Such objection furnishes no reason for granting a new trial. *Rucker* v. *State*, 114 *Ga.* 13 (39 S. E. 902); *Boswell* v. *State*, 114 *Ga.* 40 (39 S. E. 897)." *Rogers* v. *State*, 1 *Ga. App.* 527 (58 S. E. 236); *Stubbs* v. *State*, 1 *Ga. App.* 504 (58 S. E. 236).

3. The verdict was supported by the evidence. In addition to the circumstantial evidence tending to connect the accused with the offense charged, the direct evidence of an accomplice authorized his conviction, for in a misdemeanor case the jury can convict a defendant on the uncorroborated testimony of an accomplice. The refusal to grant a new trial was not error for any reason assigned.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED JUNE 13, 1935.

*Lee S. Purdom,* for plaintiff in error.