33089. BROWN *v.* THE STATE.

674

Decided November 30, 1950.

*John I. Kelley, Solicitor, Paul Webb, Solicitor-General, B. B. Zellars, Guerry R. Thornton, William Hall,* contra.

MacIntyre, P. J. ■ In paragraph (e) of the assignments

of error in the defendant's petition for certiorari, error is assigned upon the introduction of certain evidence. The questions of primary importance in this ground are: (1) Whether the trial court erred (after the defendant had been put on trial, the evidence submitted, and the State had rested its case) in permitting L. C. Forbes, Clerk of the Criminal Court of Fulton County, who had administered the oath to the affiant and signed the jurat on the affidavit upon which the accusation was founded, to testify that though the jurat bore date of *August* 5, 1948, it had, in fact, been sworn to and subscribed on October 5, 1948; and (2) whether the court erred in admitting in evidence an entry of the court docket showing that the accusation had been filed on October 6, 1948. The objection to this evidence, oral and documentary, is that it effectually amended the affidavit after the defendant had been put on trial and issue had been joined.

The affidavit alleged that the offense was committed on August 19, 1948, and the accusation followed the affidavit in this respect, charging the commission of the offense on August 19, 1948.

The date of the filing of the accusation does not appear on the accusation, but on the reverse side of the accusation this endorsement appears: "Criminal Court of Fulton County, October Term, 1948."

From the earliest times, both in England and in Georgia, it has been held that unless time is an essential element of the offense charged, the time of the commission of the offense alleged in the indictment, presentment, accusation, information, or affidavit, is immaterial; and, proof of the commission of the offense at any time prior to the *finding* of the indictment or presentment, the *filing* of the accusation or information, or the *swearing* of the affidavit where made the foundation of the accusation, will sustain a conviction if the proof also establish the commission of the offense within the statute of limitations. *McLane* v. *State,* 4 *Ga.* 341, and see the numerous citations of cases under catchword, "Time" of Code (Ann.), § 27-701.

This rule obtains even where an impossible date is alleged (*Jones* v. *State,* 55 *Ga.* 625 (1); *McMath* v. *State,* 55 *Ga.* 304 (5); *Walker* v. *State,* 12 *Ga. App.* 91, 95, 76 S. E. 762); or where a date subsequent to the indictment, presentment, accusation, or affidavit is alleged (*Spencer* v. *State,* 123 *Ga.* 133, 51 S. E. 294;

*Newsome* v. *State,* 2 *Ga. App.* 392, 58 S. E. 672; *Grimes* v. *State,* 32 *Ga. App.* 541, 123 S. E. 918; *Adkins* v. *State,* 103 *Ga.* 5, 29 S. E. 432; *Harris* v. *State,* 58 *Ga.* 332 (2)); or where no date is alleged (*Phillips* v. *State,* 86 *Ga.* 427, 12 S. E. 650; *Braddy* v. *State,* 102 *Ga.* 568, 27 S. E. 670; *Draper* v. *State,* 6 *Ga. App.* 12, 64 S. E. 117).

There was sufficient evidence adduced upon the trial to authorize the jury to find that the offense charged in the affidavit and accusation was committed on August 19, 1948, but under that state of the evidence, however, the evidence would not have authorized the defendant's conviction, for to do so it is necessary that the offense have been committed *prior to the swearing of the affidavit* and within the statute of limitations. *Shealey* v. *State,* 16 *Ga. App.* 191 (84 S. E. 839); *Chambers* v. *State,* 85 *Ga.* 220 (1) (11 S. E. 653); *Turner* v. *State,* 89 *Ga.* 424 (15 S. E. 488); *Patton* v. *State,* 80 *Ga.* 714 (2) (6 S. E. 273); *Glover* v. *State,* 4 *Ga. App.* 455 (61 S. E. 862); *Brown* v. *State,* 16 *Ga. App.* 270 (85 S. E. 262). See particularly *Chambers* v. *State,* supra, where it is stated: "Where trial is had upon accusation founded on affidavit, there can be no conviction unless it appears that the offense was committed *before the making of the affidavit charging its commission.*" (Emphasis supplied.) There was no evidence of the commission of the offense prior to the swearing of the affidavit dated August 5, 1948, and this, under the rule in the *Chambers* case would have been fatal to a conviction, as the variance between the allegata and probata would be irreparable.

Lest there arise some confusion concerning the rule that the proof must establish the commission of the offense prior *"to the making of the affidavit,"* the reason for the rule is this: Code §§ 27-701 to 27-704 have no applicability to accusations in city courts where, under special legislation establishing the various city courts, it is provided that the accusation must be founded upon the affidavit of the prosecutor, and the *affidavit* is made a substitute for the formal finding of the grand jury as to the misdemeanors triable in the city courts in question. *Flanders* v. *State,* 9 *Ga. App.* 820, 822 (72 S. E. 286); *Brown* v. *State,* 16 *Ga. App.* 268 (supra); *Shealey* v. *State,* supra; *Curtis* v. *State,* 48 *Ga. App.* 135 (172 S. E. 99); *Byrd* v. *State,* 72 *Ga.*

*App.* 840, 842 (35 S. E. 2d, 385); *Flint* v. *State,* 12 *Ga. App.* 169 (76 S. E. 1032); *Progressive Club* v. *State,* 12 *Ga. App.* 174 (76 S. E. 1029).

The affidavit which is the basis *for the issuance of a warrant to arrest* is not to be confused with the affidavit which forms the basis of the accusation in many of our city courts. *Flint* v. *State,* supra; *Dickson* v. *State,* 62 *Ga.* 583.

The accusation provided for in Code § 27-704 as the basis for the trial of misdemeanor cases in the superior courts is comparable to, or the equivalent of, the old common-law information. *Conley* v. *State,* 83 *Ga.* 496 (10 S. E. 123); *Gordon* v. *State,* 102 *Ga.* 673, 679 (29 S. E. 444); *Wright* v. *Davis,* 120 *Ga.* 676 (48 S. E. 170); *Goldsmith* v. *State,* 2 *Ga. App.* 283 (58 S. E. 486).

The accusation founded upon an affidavit in the various city courts is not the duplicate of the superior-court accusation. The former accusation may not be amended with the same facility as the latter. The accusation, based upon an affidavit, in the city court is restricted in the scope to which it may be amended to the limits of the affidavit. *Goldsmith* v. *State,* supra; *Hunter* v. *State,* 4 *Ga. App.* 579 (61 S. E. 1130), and citations; *Bishop* v. *State,* 22 *Ga. App.* 784 (97 S. E. 251); *Sutton* v. *State,* 54 *Ga. App.* 349, 351 (188 S. E. 60); *Spaulding* v. *State,* 25 *Ga. App.* 194 (102 S. E. 907); *Glass* v. *State,* 119 *Ga.* 299 (1) (46 S. E. 435). Nor should the question in this case (which is one of the sufficiency of the evidence to convict and the right of the State to amend an affidavit, which is the foundation of an accusation, after issue is joined) be confused with the rule "that objections to an accusation on the ground that it was based on a defective affidavit must be made by motion to quash or by demurrer; or, *after conviction by motion in arrest of judgment* . . no question as to the legal sufficiency of an accusation can be properly raised in a motion for a new trial or in a petition for certiorari. *Stubbs* v. *State,* 1 *Ga. App.* 504 (58 S. E. 236); *White* v. *State,* 93 *Ga.* 47 (19 S. E. 49); *Womble* v. *State,* 107 *Ga.* 666 (33 S. E. 630); *Rucker* v. *State,* 114 *Ga.* 13 (39 S. E. 902); *Foss* v. *State,* 15 *Ga. App.* 478 (83 S. E. 880)," as stated in *Jarvis* v. *State,* 69 *Ga. App.* 326, 329 (25 S. E. 2d, 100). Nor should this case be confused with the following line of cases wherein it is held that

by a failure to demur the defendant waived his right to raise the point that the indictment charged that the offense was committed on a day subsequent to the trial itself. *Grimes* v. *State,* supra; *Hill* v. *State,* 41 *Ga.* 484 (2); *Adkins* v. *State,* supra. In all of those cases, though the indictment alleged a date on which the offense was committed which was subsequent to the trial date, the evidence in those cases supported the conviction by proof of the commission of the offense prior to the finding of the indictment.

If the evidence by which the State sought effectually to amend the affidavit was admissible, the defendant will stand convicted, for after the amendment the evidence would then come within the rule that the offense charged and proved was committed prior to the swearing of the affiidavit and within the statute of limitations; if, on the other hand, the evidence is inadmissible to amend the affidavit, then, as we have said, the evidence remaining was insufficient to authorize the verdict of guilty.

"Indictments and presentments are, of course, not amendable. But accusations being the equivalent of old common-law informations are amendable *to the time that issue is joined."* *Gilbert* v. *State,* 17 *Ga. App.* 143 (86 S. E. 415); *Smith* v. *State,* 17 *Ga. App.* 612 (87 S. E. 846). In the instant case, however, the State, by introducing the evidence which is objected to, sought to amend, not the *accusation,* but the *jurat of the affidavit,* by showing that while upon its face it appeared to have been sworn to on August 5, 1948, it had in fact been sworn to on October 5, 1948. While it is true that the solicitor could have had this defect remedied by having a new affidavit issued or the old one reverified (*Mitchell* v. *State,* 126 *Ga.* 84, 54 S. E. 931), it was necessary that this be done before issue was joined. *Gilbert* v. *State,* supra; *Smith* v. *State,* supra; *Jones* v. *State,* 27 *Ga. App.* 574 (109 S. E. 515). It follows, we think, that the court erred in admitting the evidence which effectually amended the affidavit after issue was joined. The date of the filing of the accusation was, under the circumstances of this case, immaterial and the introduction of the minutes of the court showing the date of its filing in the court, whether erroneous or not, and we do not express an opinion upon this point, was harmless.

■ Had the evidence which sought to amend the affidavit,

after issue had already been joined, been excluded, as it should have been, there was no proof of the commission of the offense charged *prior* to the date of the swearing of the affidavit on August 5, 1948, and the verdict can not be allowed to stand. *Shealey* v. *State,* supra; *Brown* v. *State,* 16 *Ga. App.* 269 (supra).

It follows from what has been said in the foregoing divisions of the opinion that the superior court erred in overruling the certiorari.

*Judgment reversed. Gardner and Townsend, JJ., concur.*