## 35040. LEARMONT *v.* THE STATE.

CARLISLE, J. The defendant has sued out the present writ of error to review a judgment denying his motion for new trial, based on the usual general grounds and seven special grounds. The defendant was tried and convicted under the following accusation: "State of Georgia, De-Kalb County: I, Walter McCurdy, Solicitor of the City Court of Decatur, in the name and behalf of the citizens of Georgia, charge and accuse George Lewis Learmont of the county and State aforesaid, with the offense of misdemeanor, for that the said George Lewis Learmont in the county aforesaid, on the 29th day of July, 1953, did wilfully and voluntarily abandon his minor child . . . age one, in said State and county, leaving her in a dependent condition, contrary to the laws of said State, the peace, good order and dignity thereof. May term, 1953. Joan B. Learmont, Prosecutor—City Court of Decatur—Walter McCurdy, Solicitor."

1. "From the earliest times, both in England and in Georgia, it has been held that unless time is an essential element of the offense charged, the time of the commission of the offense alleged in the indictment, presentment, accusation, information, or affidavit, is immaterial; and proof

of the commission of the offense at any time prior to the *finding* of the indictment or presentment, the *filing* of the accusation or information, or the *swearing* of the affidavit where made the foundation of the accusation, will sustain a conviction if the proof also establish the commission of the offense within the statute of limitations. *McLane* v. *State,* 4 *Ga.* 341, and see the numerous citations of cases under catchword 'Time' of Code (Ann.) § 27-701." *Brown* v. *State,* 82 *Ga. App.* 673, 675 (62 S. E. 2d 732). The accusation does not bear a filing date *as it should.* It does, however, bear the endorsement, "May term, 1953, City Court of Decatur." The offense is alleged to have been committed on July 29, 1953. If we assume that the accusation was filed on July 29, 1953, instead of during the "May term, 1953," as counsel for the State and the defendant seem to agree it was, then proof that the offense was committed at any time within two years prior to that date would support a verdict finding the defendant guilty of the offense charged. The trial was held on September 30, 1953, and during the trial an issue was made in the presence of the jury on the question of the admissibility of evidence of the defendant's failure to support the child after July 29, 1953; and, over the defendant's objection, such evidence was admitted. In its charge to the jury, the court stated: "The burden rests upon the State to prove each and every material allegation in the accusation, and I assure you all the allegations are material except the bare date that it is alleged to have occurred; as to that it will be sufficient to show that it occurred any time within two years of the date, July 29, 1953." This is not an accurate statement of the principle of law involved. The offense must be shown to have occurred within two years *prior* to the date the accusation was filed, or as we have assumed the filing date to have been July 29, 1953, within two years *prior* to July 29, 1953. As, under the circumstances of this case, the language used by the court was especially susceptible of being understood to mean that the offense could be shown to have occurred at any time within two years of July 29, 1953, whether *subsequently* to, or *prior* to, July 29, 1953, the case must be remanded for a new trial.

2. The other errors assigned are such as are not likely to recur upon another trial of the case and are not considered.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

Decided February 16, 1954.

*Alton T. Milam, James W. Schell,* for plaintiff in error.

*Hubert C. Morgan, Solicitor, Walter E. Baker, Jr., Assistant Solicitor,* contra.