59326. GUESS v. THE STATE.

McMurray, Presiding Judge.

By accusation defendant was charged with the offense of a misdemeanor in that she "did then and there unlawfully, and with force and arms, offer and consent to perform an act of sexual intercourse . . . for money."

The accusation was based upon an affidavit of a prosecutrix that defendant did on a named date commit a misdemeanor. Demurrers were filed thereto. The case was then tried and the defendant was convicted and sentenced to serve 90 days in the county jail. Defendant appeals. *Held:*

When the demurrers were argued, immediately before the case was called for trial (both at the first trial, February 14, 1979; and again at the second trial, April 11, 1979), counsel for the defendant pointed out that the accusation (which was drawn at the November term 1978) was filed in the clerk's office on January 25, 1979, at which time the affidavit had not been sworn to. However, it now appears that on March 22, 1979, as shown by the original in the record, that the judge of the court had attested to the affidavit of the prosecutrix. This is true despite the certificate of the trial judge as to the usual custom of the court to require the affidavit to be sworn to "prior to the filing of the accusation with the Clerk of . . . Court." The trial judge has not certified that this affidavit was sworn to at the time it was filed in court on January 25, 1979.

Counsel for the defendant moved for dismissal of the charge, and the court overruled the motion, stating, "the absence of the date [of the jurat] is harmless error." The transcript of record now shows the affidavit to be dated, albeit not at the time it was filed in the court. However, the solicitor stated in his place that he was present when it was sworn to by the prosecutrix and that he did not recall what date it was but that it was sworn to in the presence of the court. Whereupon the demurrers were overruled.

Accusations are amendable to the time that issue is joined. *Brown v. State,* 82 Ga. App. 673, 678 (62 SE2d 732). See also *Goldsmith v. State,* 2 Ga. App. 283 (58 SE 486); *Conley v. State,* 83 Ga. 496, 499 (10 SE 123); *Bishop v. State,* 22 Ga. App. 784 (97 SE 251). As the case appears to us, the accusation was based upon the affidavit

of the prosecuting officer "founded on the affidavit made by the prosecutor before the judge of the said court, which shall be attested by said judge." See Ga. L. 1886, pp. 276, 277. But the point in time that this occurred is unclear.

Under the circumstances here it appears that the affidavit upon which the accusation is founded, from the record and from the transcript of the testimony, had not been attested to by the judge when same was filed with the clerk of the court and was thereafter sworn to and subscribed before the court on the 22nd day of March, 1979. There appears to be no plea of not guilty before the case was called, despite the fact that defendant has been tried twice (the first trial resulting in a mistrial on February 14, 1979). Clearly, issue was joined when the case was tried on February 14, 1979, which trial resulted in a mistrial; and the record discloses the jurat was not added until March 22, 1979, after issue was joined. The first trial was an absolute nullity. Hence, the attempt to amend was a nullity, as this occurred after issue was joined. The accusation should have been dismissed as it was not amended before issue was joined. *Gilbert v. State,* 17 Ga. App. 143, 145 (86 SE 415); *Scroggins v. State,* 55 Ga. 380. This rule rendered all further proceedings in this case as nugatory.

*Judgment reversed. Smith and Banke, JJ., concur.*

SUBMITTED FEBRUARY 4, 1980 — DECIDED
JUNE 18, 1980.

*James A. Elkins, Jr.,* for appellant.
*Robert G. Johnston, Solicitor,* for appellee.