## BROWN *v.* THE STATE.

1. When in a case brought to this court upon a bill of exceptions, assigning error upon the overruling of a certiorari, it appears from the statement of a judge, in the judgment rendered, that only one of the assignments of error in the petition for certiorari was insisted on before him, this court will consider the other assignments of error as having been abandoned in the superior court, and the decision of the judge upon the assignment of error so insisted upon will be the only one considered and reviewed.

2. Upon consideration of the only assignment of error passed on by the judge of the superior court, which merely raises the question as to the sufficiency of the evidence to support the verdict, no sufficient reason appears for reversing the judgment.

Argued December 17, 1906.—Decided January 15, 1907.

Certiorari. Before Judge Littlejohn. Stewart superior court. October 29, 1906.

*E. T. Hickey* and *G. Y. Harrell,* for plaintiff in error.

*F. A. Hooper, solicitor-general,* contra.

COBB, P. J. The accused was convicted in the county court for maiming cattle. He carried his case, by certiorari, to the superior court, and the certiorari was overruled, and he excepted. The judge states, in the judgment overruling the certiorari, that while there were several assignments of error in the petition, only one was urged by the counsel for plaintiff in certiorari; that is, that the evidence was not sufficient to show a maiming of cattle within the meaning of the law. The judge says that he does not know whether it was intended by this to abandon the remaining assignments of error; but it appears from the judgment that this was the only question decided by the judge. Under such circumstances

we will not consider any of the other assignments of error in the petition. If we did, and came to the conclusion that any of them were well taken, and reversed the judgment, that would be, in effect, reversing the judge for a decision which he never rendered. Such, of course, ought not to be done in any case.

The indictment charged that the accused maimed a cow by shooting her in the udder. The evidence authorized a finding that the accused shot the cow in the udder, and, as a consequence, this organ was rendered in part useless. In *Powell* v. *State*, 65 *Ga.* 710, it was held that the mere shooting of a cow was not rendered criminal by the statute, but only the killing or maiming of cattle, and the killing of a hog. It was also held that the word "maim" was to be understood in its technical signification. The effect of that decision is that a person who inflicts upon cattle injury of a character less than that which would deprive it of or render useless one or more of its useful members would not be guilty of a crime, but the owner would be remitted to his action for damages. However, construing the word "maim" in its technical sense, as a deprivation of or the rendering useless of a member, one who, by shooting or otherwise injuring a cow, thus deprives it of or renders useless any useful member,—that is, a member useful to its own locomotion, or useful to the owner in the way in which such animal was employed, would be guilty of a criminal offense under the statute; for the animal in such condition would be a maimed animal. There was no error in overruling the certiorari.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*