### 11288. SPAULDING *v.* THE STATE.

BROYLES, C. J. 1. The allowance of an amendment to the accusation, over the objections of the defendant and before he had pleaded to the merits of the case, can not be made a ground of a motion for a new trial. The exception should have been preserved and brought up by exceptions pendente lite. However, there is no merit in such an assignment of error, as the solicitor of a city court can at any time before the defendant has pleaded to the merits amend an accusation in any particular, provided the affidavit upon which it is based will support the accusation as amended, and provided further that such amendment is not forbidden by the act creating the court or by any act amendatory thereof. *Goldsmith* v. *State,* 2 *Ga. App.* 283, 286 (58 S. E. 786), and cit.; *Bishop* v. *State,* 22 *Ga. App.* 784 (97 S. E. 251).

2. The excerpt from the charge of the court complained of in the 5th ground of the motion for a new trial is not erroneous for any reason assigned.

3. The word "maim," as used in section 752 of the Penal Code of 1910, implies the infliction of some injury which deprives the animal of, or renders useless or partially useless, some useful organ or member — an organ or member useful to its own locomotion or defense, or useful to its owner in the way in which the animal was employed. And such injury must be permanent. *Bailey* v. *State,* 65 *Ga.* 410; *Patton* v. *State,* 93 *Ga.* 111, 116 (19 S. E. 734, 24 L. R. A. 732); *Brown* v. *State,* 127 *Ga.* 287 (56 S. E. 405). See also, in this connection, Black's Law Dict. 741; 3 Words & Phrases (2d series), 208; 2 Bouvier's Law Dict. (Rawle's 3d rev.) 2063. Under this ruling the charge of the court complained of in the 6th ground of the motion for a new trial was error.

4. Under the particular facts of the case, the court erred in overruling the

special ground of the motion for a new trial which was based upon alleged newly discovered evidence. This evidence is not merely cumulative and impeaching in its character, and is of such a character that it would probably cause a different verdict upon another trial.

5. The court erred in overruling the motion for a new trial.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 13, 1920.

Accusation of misdemeanor; from city court of Brunswick — Judge Krauss. November 22, 1919.

The accusation charged that the defendant maliciously shot and maimed a described male cow of Mrs. H. Wiggins. It was testified that the described animal was shot with a shotgun by the defendant, in the side and foreshoulder and in the testicles, and lay around in the pen for three or four days and was treated for the wounds; that the testicles were bloody and swollen, and "he can not serve the cows." There was a verdict of guilty, and the case came to this court on exceptions to the overruling of a motion for a new trial.

1. An amendment changing the date of signing the accusation from the 9th to the 10th of May (the date of the affidavit on which the accusation was based) was allowed, over objection; and exception to this is taken in the motion for a new trial.

2. The court charged the jury as follows: "The State of Georgia, in the manner and form provided by law, has charged and accused the defendant . . with the offense of misdemeanor, alleging in substance that the defendant did, in the county of Glynn, on the day named in the indictment or accusation, on April 10th, 1919, maliciously shoot and maim a certain male cow or bull." In the 5th ground of the motion for a new trial it is alleged that this was error because, "under the section under which the defendant was accused, it was not in violation of law to shoot a male cow or bull."

3. The court charged: "If you find, from the evidence, that the defendant did maliciously shoot said bull in his private parts, balls, or testicles, and that rendered him less able to perform the functions of a bull as nature had endowed him before that time, then I charge you that if you find that condition to be true, such would be a maiming of the bull as required by the law to be shown; and in that event it would be your duty to find the defendant guilty." In the 6th ground of the motion for a new

trial this is alleged to be error because it was in effect an instruction that if the injury was only for a day; and to the slightest extent rendered the bull less able to perform, it would amount to maiming, whereas the word "maim," as defined by law-writers and as used in the law of this State, is the infliction of some permanent injury.

4. The alleged newly discovered evidence was in substance that six or seven days after the shooting of the bull of Mrs. Wiggins as claimed by the State, the same bull was seen in the woods feeding, and appeared to be all right; that ten days or two weeks after the alleged shooting the bull served one of the cows in a certain pen, and three or four days later he served another cow, and that at the time he served these cows he was not maimed in any way.

*J. T. Colson,* for plaintiff in error.
*F. M. Scarlett Jr.,* solicitor, contra.