### 24669. WILLIAMS v. THE STATE.

BROYLES, C. J. 1. "The word 'maim,' as used in section 752 of the Penal Code of 1910 [Code of 1933, § 26-7901], implies the infliction of some injury which deprives the animal of, or renders useless or partially useless, some useful organ or member—an organ or member useful to its own locomotion or defense, or useful to its owner in the way in which the animal was employed. And such injury must be permanent. *Bailey* v. *State*, 65 *Ga.* 410; *Patton* v. *State*, 93 *Ga.* 111, 116 (19 S. E. 734, 24 L. R. A. 732); *Brown* v. *State*, 127 *Ga.* 287 (56 S. E. 405). See also, in this connection, Black's Law Dict. 741; 3 Words & Phrases (2d series), 208; 2 Bouvier's Law Dict. (Rawle's 3d rev.), 2063." *Spaulding* v. *State*, 25 *Ga. App.* 194 (3) (102 S. E. 907). The mere shooting of a hog is not rendered criminal by this statute, but only the killing or maiming thereof. ";In other cases the owner is remanded to his civil action" (*Bailey* v. *State*, supra), or to a prosecution for cruelty to animals.

2. In the instant case the evidence authorized a finding that the defendant had shot and injured two of the prosecutor's hogs, but it was insufficient to show that the injury to either of the animals "deprived it of, or rendered useless or partially useless, some useful organ or member," or that the injury was permanent. It follows that the defendant's conviction was contrary to law and the evidence, and that the court erred in refusing to grant a new trial.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*

DECIDED APRIL 3, 1935.

*Bob Humphreys,* for plaintiff in error.
*Paul D. Leverette, solicitor,* contra.