## GIBSON *v.* THE STATE.

1. There was no error in overruling the demurrers to the indictment.
2. Under the Penal Code, § 306, it is a misdemeanor to obstruct an officer in executing any lawful order of court, whether the same has  been reduced to writing or not. ·
3. The verdict was demanded by the evidence.

Argued April 27, — Decided May 30, 1903.

Indictment for obstructing legal process.    Before Judge Spence. Decatur superior court.    February 16, 1903.

*M. E. O'Neal, W. D. Sheffield,* and *Hawes & Hawes,* for plaintiff in error.    *W. E. Wooten, solicitor-general,* by *R. R. Arnold,* contra.

SIMMONS, C. J.    The plaintiff in error was convicted of the offense of obstructing legal process.    His motion for a new trial was overruled.    The bill of exceptions complains of the judgment over-

ruling this motion, and also of the overruling of his demurrers to the indictment, his right to complain of the last-named judgment having been preserved by exceptions pedente lite.

1. The indictment charged the accused and another with obstructing legal process, for that they did, on a named day, "unlawfully and with force and arms, knowingly and wilfully obstruct and oppose H. H. Smallwood, legal constable of said county of Decatur, in his attempt to execute the judgment and order, the same being lawful process, of W. E. Smith, N. P. & ex-officio J. P. of the 694th district, G. M. said county, rendered and framed by said magistrate at the January term, 1902, of the justice's court in and for said district and county, in the case then and there tried and determined of James Watson versus B. H. Gibson, same being a possessory-warrant proceeding for the recovery of a certain cow, the said magistrate then and there awarding the possession of said cow to said James Watson, and ordering and directing the said Smallwood, L. C., to execute and enforce said judgment by delivering said cow to said Watson, the execution of which said order by the said Smallwood, L. C., was obstructed and opposed by said defendants as aforesaid, contrary to the laws of said State," etc. This indictment was demurred to, on the ground that it was insufficient in law in that (1) it did not set out the manner in which the process was obstructed, and (2) the order or judgment alleged to have been obstructed was not a lawful order and judgment and was not legal process.

The demurrer was properly overruled. The indictment was more specific in charging the offense than is the Penal Code in defining it. The Penal Code, § 929, provides that an indictment shall be deemed sufficiently technical and correct when it states the offense in the terms and language of the code or so plainly that the nature of the offense charged may be easily understood by the jury. This section, however, was not "designed to deny to one accused of crime the right to know enough of the particular facts constituting the alleged offense to be able to prepare for trial." *Johnson* v. *State*, 90 *Ga.* 441. The indictment in the present case not only contained the terms of the code definition of the offense but was otherwise sufficient. It set out the nature of the order which the constable was endeavoring to execute, and charged that the defendant, with force and arms, knowingly and wilfully obstructed and opposed its execution. The specific act or acts by which he obstructed

or opposed the officer were not set out; but the allegations were sufficiently definite for a case of this character, where so much of the attendant circumstances was set out, and where there could have been no very material variation in the manner in which the officer was obstructed.

As to the second ground of the demurrer, there can be no doubt. The judgment or order of the court was described, and there was nothing in the indictment to indicate that it was illegal. If because of a failure to require bond of the plaintiff, or for other reason, the judgment or order was illegal, this was a matter for plea or for proof, and not for demurrer to an indictment which did not show the existence of such defect.

2. The evidence showed that on the hearing of a "possessory-warrant proceeding for the recovery of a certain cow," the magistrate orally announced that he awarded judgment for the plaintiff, and ordered the constable to deliver the cow to the plaintiff upon his giving the proper bond. The defendant (the present plaintiff in error) gave notice of certiorari. When the constable endeavored to lead the cow away to put her in his lot, the defendant intercepted him, cut the rope by which she was led, and took her away. The judgment of the court was subsequently reduced to writing. The Penal Code, § 306, in regard to obstructing an officer in executing *any* lawful process or order, is not limited to cases in which the process or order is written. It also covers the obstruction of an officer who is executing a lawful oral order of court, and certainly embraces a case where judgment has been announced in a justice's court and the obstruction occurs before the magistrate has time to reduce his order to writing.

3. The evidence demanded the verdict of guilty, and we will not examine the charge closely to see if there was any error therein. Any such error was, in view of the evidence, immaterial.

*Judgment affirmed. By five Justices.*