## 1253. HUNTER *v.* THE STATE.

1. An accusation in a city court, in the absence of a clear contrary provision in the act creating the court, may lawfully be based upon an affidavit charging the defendant with the offense of "misdemeanor"; and, notwithstanding the general language used in the affidavit, may amplify the description of the offense with all the particularity essential to good pleading.

2. In a prosecution for obstructing legal process in violation of § 306 of the Penal Code, the accusation is insufficient to withstand a motion in arrest of judgment, where it fails to disclose the official character of the officer alleged to have been obstructed and the nature of the process he

was attempting to serve, or to show otherwise that the officer was authorized to execute the process.

Accusation of resisting arrest, from city court of Blakely—Judge Jordan.   June 19, 1908.

Submitted July 14,—Decided July 25, 1908.

*R. H. Sheffield,* for plaintiff in error.

*Walter Park, solicitor,* contra.

POWELL, J.   The defendant was arraigned in a city court, on an accusation which charged him with "the offense of misdemeanor, for that the said Eli Hunter did, on the 11th day of June, 1908, in the county aforesaid, unlawfully, knowingly, and wilfully obstruct, resist, and oppose S. V. Mann, an officer of this State, in serving and attempting to serve and execute a lawful process." The accusation was based on an affidavit of the prosecutor, charging that the defendant had committed the "offense of misdemeanor." The defendant pleaded guilty and filed a motion in arrest of judgment, the substantial grounds being, that the affidavit is fatally defective and insufficient to support an accusation; also that the accusation itself sets out no offense under the laws of this State.

1. The attack on the affidavit is not sustainable.  *Glass* v. *State,* 119 *Ga.* 299 (46 S. E. 435) ; *Murphy* v. *State,* 119 *Ga.* 300 (46 S. E. 450) ; *Surrels* v. *State,* 113 *Ga.* 715 (39 S. E. 299) ; *Williams* v. *State,* 107 *Ga.* 693 (33 S. E. 641) ; *Dickson* v. *State,* 62 *Ga.* 583.

2. The attack upon the accusation itself seems to be well founded.  "If all the facts which the indictment charges can be admitted and still the accused be innocent, the indictment is bad; but if, taking the facts alleged as premises, the guilt of the accused follows as a legal conclusion, the indictment is good."  *Newman* v. *State,* 63 *Ga.* 534.   Motion in arrest of judgment can not be used as a remedy for the taking advantage of mere formal defects or mere delinquencies in the certainty and definiteness with which the offense is alleged, but is available where the accusation or indictment contains a hiatus as to one or more essential ingredients of the crime sought to be charged.   Due authority in the officer executing or attempting to execute the process, for the obstructing of which the defendant is accused, is an element essential to a violation of section 306 of the Penal Code.   If the official character of the officer and the nature of the process are disclosed, and the

process is of the kind the officer is authorized to execute, this element sufficiently appears. In the present case the prosecutor is alleged to have been an officer of this State; but the accusation is silent as to the nature of the office. Was he a constable, a justice of the peace, a fertilizer inspector, or what? The pleading fails to disclose. What process was he attempting to execute,—a common law fi. fa., a writ of possession in ejectment, a criminal warrant, a tax execution, an attachment, a death warrant, or what? The record is silent. If he was a common constable attempting to execute a writ of possession in an ejectment case, or a justice of the peace attempting to hang a prisoner under a death warrant, or a county commissioner attempting to levy a fi. fa., or a fertilizer inspector attempting to serve an attachment (and we may suppose a hundred other cases), the allegations of the accusation would be completely supported, and yet the defendant would be innocent. The guilt of the accused does not follow as the logical legal conclusion from the facts stated in the accusation.

*Judgment reversed.*