## 2459.  SHARP v. THE STATE.

One who, with intent to defraud, designedly, by color of a forged and coun-
terfeit check or draft, made in the name of any person, or in a fictitious
name, obtains money from another, is not indictable under section 670
of the Penal Code, for obtaining money by the use of deceitful means
or artful practice; as the alleged fraudulent acts specifically constitute
a felony under section 247 of the Penal Code.

Certiorari; from Fulton superior court—Judge Ellis.  January
29, 1910.

Argued March 9,—Decided April 6, 1910.

*Frank L. Haralson, W. M. Smith, J. H. Dodgen,* for plaintiff in
error.

*C. D. Hill, solicitor-general, Lowry Arnold, solicitor, D. K. John-*
*ston, John A. Hynds,* contra.

HILL, C. J.  Charles W. Sharp was convicted in the criminal
court of Atlanta, on an accusation charging him with a violation of
section 670 of the Penal Code.  His petition for a writ of
certiorari was sanctioned, and, on the hearing by the judge of the
superior court, was overruled; and to this judgment he assigns
error.  The assignments of error are quite numerous, but, in the
view we take of the case, only one is necessary to be considered.

The accusation, in substance, charges that the defendant pre-
sented to the Fourth National Bank of Atlanta a check or draft
for $850, directed to the Mercantile National Bank of New York,
dated April 3, 1906, signed "Eureka Manufacturing Company,
John W. Williams, Treasurer," and payable to the order of
Charles W. Sharp.  This check or draft was received by the Fourth
National Bank of Atlanta as a deposit, and placed to the credit of
Charles W. Sharp.  On the next day Sharp went to the bank and
presented to one paying teller of the bank a check for $450, drawn
by himself and payable to "Cash," and presented to another paying
teller another check, for $400, drawn by himself and payable to
"Cash;" and on both of the checks he then and there received the
money.  It is also alleged that the draft or check on the Mercantile
National Bank of New York, in the name of the Eureka Manufac-
turing Company, was not paid on presentation, but was returned to
the Fourth National Bank of Atlanta, protested, the drawer having
no funds in the drawee bank.  It is charged, in the accusation, that
the defendant deposited the above-mentioned draft or check for

$850 in the Fourth National Bank of Atlanta "for the purpose of obtaining a credit and enabling him to check against the said account, and to cheat and defraud the Fourth National Bank of Atlanta." and that the check was received as a deposit by the bank in good faith, the officers of the bank believing it to be good. It is also charged that "the conduct of said Sharp in depositing said check, known by him not to be good, and imposing upon the credulity of the bank officials and obtaining credit in the said Fourth National Bank of Atlanta in the sum of $850,  .   .  and his conduct in appearing the next day and drawing out of said bank in two separate checks, from different paying tellers, the sums of $450 and $400, was deceitful means and artful practice, and by the same the said Fourth National Bank of Atlanta was cheated and defrauded out of the sum of $850."

The evidence on the trial showed that this draft or check for $850 was in the defendant's handwriting. It also showed that the name of the Eureka Manufacturing Company, alleged to be the drawer of the draft, was not only in the handwriting of the defendant, but there was no such corporation or company in existence, and this name was fictitious. Section 247 of the Penal Code provides that "if any person shall designedly, by color of any counterfeit letter or writing, made in any other person's name, or fictitious name, obtain from any person money, or other valuable thing, with intent to defraud,  .   .  he shall be punished by imprisonment and labor in the penitentiary," etc. The facts proved in the case clearly show that the defendant violated this specific section of the code, the violation of which is a felony. Of course, he was also guilty of cheating and swindling, but he was not indictable under the general section of the code on the subject of cheating and swindling, there being a specific section covering his offense. We do not place our decision upon the technical rule of the common law that a misdemeanor is always merged into a felony when the two meet, for we think that this technical rule has long since been abolished in this State (*Bell* v. *State,* 103 *Ga.* 397, 30 S. E. 294, 68 Am. St. R. 102) ; but we place the ruling on the doctrine that where there is a specific statute covering the offense, and under which the defendant is guilty of a felony, he should be indicted under that specific statute, rather than under the general section of the Penal Code in terms relating to cheats not otherwise covered

by the code. My associates agree with the foregoing views; but they go further. They hold that the 'accusation as drawn was subject to the demurrer, on the ground that it set forth no offense at all. For these reasons he has never been in jeopardy, and is subject to be tried again. However, as the criminal court of Atlanta has no jurisdiction in felony cases, the certiorari should have been sustained, with direction that the defendant be held to await the action of the grand jury.                    *Judgment reversed.*