## 6039. PASCHAL *v.* THE STATE.

1. An indictment charging a violation of section 311 of the Penal Code of 1910 must "disclose the official character of the officer alleged to have been obstructed and the nature of the process he was attempting to serve, or show otherwise that the officer was authorized to execute the process." The authority of the officer to execute or attempt to execute the process is an essential element of the offense.
2. An allegation that the defendant did knowingly and wilfully obstruct and oppose a named person, who was then and there deputized as a deputy sheriff to execute a certain process, described as "a mortgage execution on personalty," issued against a person named, in favor of another person named, without naming the court from which it issued, would not sufficiently show that it was a lawful process in the county in which it was sought to execute the process.
3. Where such an indictment described the officer whom the accused was charged with resisting as "one W. S. Gresham, who was then and there deputized as a deputy sheriff to execute the process hereinafter described," without more, this was insufficient to show the authority of the officer to execute the process in the State of Georgia, or in the county in which the attempt to execute it was made.
4. It was not necessary for the indictment to set out the specific acts by which the defendant forcibly obstructed and opposed the execution of the process.

DECIDED MARCH 23, 1915.

Certiorari; from Morgan superior court—Judge Park. September 8, 1914.

*M. C. Few,* for plaintiff in error.

*J. E. Pottle, solicitor-general,* contra.

WADE, J. Res Paschal was convicted in the city court of Madison of the offense of obstructing legal process. The indictment charged Jack Paschal and Res Paschal "with the offense of a misdemeanor, for that the said two named persons, in the county [of Morgan] aforesaid, on the 4th day of November in the year of our Lord 1913, with force and arms, did knowingly and wilfully obstruct, resist, and oppose one W. S. Gresham, who was then and there deputized as a deputy sheriff to execute the process hereinafter described, in serving and executing and attempting to serve

and execute a lawful process, to wit, a mortgage execution on personalty, issued against the said Jack Paschal, alias Will Paschal, the same being in favor of J. Hulme Morgan, contrary to the laws of said State, the good order, peace and dignity thereof." The defendant, before pleading and arraignment, demurred to the indictment as insufficient in law, because: (1) it fails to state in what way or by what means the defendant resisted legal process; (2) it fails to set out the resisted process with sufficient particularity for the defendant to prepare his defense; (3) it fails to show by what authority the said W. S. Gresham was made deputy sheriff; (4) it fails to show the county of which the said W. S. Gresham was a deputy sheriff; (5) it fails to show from what court the process was issued. The demurrer was overruled, and the defendant filed exceptions pendente lite. The case proceeded to trial, and the defendant was found guilty. He sued out certiorari, the judge of the superior court overruled the certiorari, and he excepted to that judgment. Under the view we take of the case it is unnecessary to discuss the evidence, since our decision as to the demurrer will dispose of the verdict as well as of the indictment.

Section 311 of the Penal Code is as follows: "If any person shall knowingly and wilfully obstruct, resist, or oppose any officer of this State, or other person duly authorized, in serving or attempting to serve or execute any lawful process or order, or shall assault or beat any officer, or person duly authorized, in serving or executing any process or order aforesaid, or for having served or executed the same, he shall be guilty of a misdemeanor." Section 954 of the Penal Code provides: "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this code, or so plainly that the nature of the offense charged may be easily understood by the jury." Sections 275 and 277 of the Political Code are as follows: (§ 275) "All deputies, before proceeding to act, must take the same oaths as their principals take, which must be filed in and entered on the minutes of the same office, and with the same indorsement thereon; but these provisions do not apply to any deputy who may be employed in particular cases only." (§ 277) "The official acts of an officer are not the less valid for his omission to take and file the oath, unless in cases where so specially de-

clared." Section 4912 of the Civil Code is as follows: "They [sheriffs] are authorized in their discretion to appoint one or more deputies, from whom they must take a bond with sureties."

The first ground of the demurrer, to the effect that the indictment is not sufficient in law because it fails to state in what way or by what means the defendant resisted legal process, is without merit. The question has already been adjudicated in so many words by our Supreme Court in the case of *Gibson* v. *State*, 118 *Ga.* 29 (44 S. E. 811), where the accused were charged, as in the indictment now under consideration, with obstructing legal process, for that they did "unlawfully and with force and arms, knowingly and wilfully obstruct and oppose" an officer named, in the execution of a judgment and order described, etc.

The 2d, 4th, and 5th grounds of the demurrer may be considered together. The 2d ground is that the particular legal process, the enforcement of which was resisted, is not set out with such particularity as would enable the defendant to properly prepare his defense; the 4th ground is that the indictment fails to show the county of which W. S. Gresham was a deputy sheriff; and the 5th ground is that the indictment fails to show from what court the alleged legal process was issued. It has been held that one who knowingly and wilfully obstructs, resists, or opposes a deputy sheriff serving or attempting to serve a lawful process or order is guilty of a violation of section 311 of the Penal Code, if force be exerted in so obstructing, resisting, or opposing the officer, regardless of whether or not the officer had filed his official oath or had given any bond before attempting to execute or serve the order or process. *Stephens* v. *State*, 106 *Ga.* 116, 118 (32 S. E. 13). See also *Moses* v. *State*, 6 *Ga. App.* 251 (64 S. E. 699). In *Gibson* v. *State*, supra, the indictment charged the accused with the offense of obstructing legal process, for that they did, on a named day, "unlawfully and with force and arms, knowingly and wilfully obstruct and oppose H. H. Smallwood, legal constable of said county of Decatur, in his attempt to execute the judgment and order, the same being lawful process, of W. E. Smith, N. P. & ex-officio J. P. of the 694th district G. M. said county, rendered and framed by said magistrate at the January term, 1902, of the justice's court in and for said district and county, in the case then and there tried and determined of James Watson versus B. H. Gibson, same being a pos-

sessory-warrant proceeding for the recovery of a certain cow, the said magistrate then and there awarding the possession of said cow to said James Watson, and ordering and directing the said Small-wood, L. C., to execute and enforce said judgment by delivering saia cow to said Watson, the execution of which said order by the said Smallwood, L. C., was obstructed and opposed by said defendants as aforesaid, contrary to the laws of said State." The court said, the indictment not only contained the terms of the code definition of the offense, but was otherwise sufficient, as "it set out the nature of the order which the constable was endeavoring to execute, and charged that the defendant, with force and arms, knowingly and wilfully obstructed and opposed its execution. The specific act or acts by which he obstructed or opposed the officer were not set out; but the allegations were sufficiently definite for a case of this character, where so much of the attendant circumstances was set out, and where there could have been no very material variation in the manner in which the officer was obstructed." In the case now under consideration the indictment alleges merely that a deputy sheriff was attempting to serve and execute "a lawful process, to wit, a mortgage execution on personalty, issued against the said Jack Paschal, alias Will Paschal, the same being in favor of J. Hulme Morgan, contrary to the laws of said State, the good order, peace and dignity thereof." It does not appear whether the mortgage execution which Gresham as a deputy sheriff was seeking to execute was issued by any court which possessed authority to issue the same, or in fact that it was issued by any court of any kind within the confines of this State, but, so far as the allegations in the indictment are concerned, the execution may have been issued either by some court in this State without proper authority to issue it, or by some court in another State. It appears to us that it is essential that the indictment should show from what court the process issued, not only in order that the defendant might be informed as to the particular process he is charged with obstructing, but also that it may appear from the indictment itself that the process was at least presumably a lawful one. The mere allegation that the process was "a lawful process," without more, amounts to nothing but the expression of a conclusion. The code section declaring what constitutes the offense of obstructing lawful process makes it a penal offense for any per-

son to knowingly and wilfully obstruct or oppose "any officer of this State, or other person duly authorized," in serving or attempting to serve, etc. The indictment charges that the defendant, "with force and arms, did knowingly and wilfully obstruct, resist, and oppose one W. S. Gresham, who was then and there deputized as a deputy sheriff to execute the process hereinafter described." From the indictment it does not appear whether W. S. Gresham was "an officer of this State" or was "duly authorized," or even whether he was or was not deputized as a deputy sheriff of Morgan county, Georgia; but, for aught that appears in the indictment itself, Gresham may have been a deputy appointed by the sheriff of any county in the State "between Rabun Gap and Tybee Light," or of some county in the State of Alabama, Maine, or Texas. Of course the defendant *probably* knew that Gresham was assuming to act as deputy sheriff of Morgan county, and that the execution which Gresham was seeking to enforce was issued from some court in Morgan county, and the particular court he might have been able to ascertain by proper investigation; but whether this be true or not is entirely immaterial, since the indictment must itself charge the crime with sufficient definiteness, irrespective of extrinsic matters.

The question has been covered in principle in the case of *Hunter v. State*, 4 *Ga. App.* 579 (61 S. E. 1130), where it was held that an accusation in a prosecution for obstructing legal process is insufficient even to withstand a motion in arrest of judgment, "where it fails to disclose the official character of the officer alleged to have been obstructed and the nature of the process he was attempting to serve, or to show otherwise that the officer was authorized to execute the process." The court said: "Due authority in the officer executing or attempting to execute the process, for the obstructing of which the defendant is accused, is an element essential to a violation of section 306 of the Penal Code [Penal Code of 1910, § 311]. If the official character of the officer and the nature of the process are disclosed, and the process is of the kind the officer is authorized to execute, this element sufficiently appears. In the present case the prosecutor is alleged to have been an officer of this State; but the accusation is silent as to the nature of the office. Was he a constable, a justice of the peace, a fertilizer inspector, or what? The pleading fails to disclose. What process was he at-

tempting to execute,—a common law fi. fa., a writ of possession in ejectment, a criminal warrant, a tax execution, an attachment, a death warrant, or what? The record is silent. If he was a common constable attempting to execute a writ of possession in an ejectment case, or a justice of the peace attempting to hang a prisoner under a death warrant, or a county commissioner attempting to levy a fi. fa., or a fertilizer inspector attempting to serve an attachment (and we may suppose a hundred other cases), the allegations of the accusation would be completely supported, and yet the defendant would be innocent. The guilt of the accused does not follow as the logical legal conclusion from the facts stated in the accusation." Since it does not appear whether Gresham was an officer of this State (though it does appear that he was "deputized" at the time he attempted to execute the process "as a deputy sheriff"), and it does not appear whether the process in question was a lawful process in the State of Georgia and against property in Morgan county, or that the officer attempting to execute the process was an officer who had authority to enforce the same, we think the indictment was fatally defective, and that the judge of the superior court erred in overruling the 2d, 4th, and 5th grounds of the demurrer.

The 3d ground of the demurrer is that the indictment fails to show by what authority W. S. Gresham was made deputy sheriff. If the indictment had alleged that Gresham was deputized as a deputy sheriff of Morgan county, the presumption would be that he was made deputy sheriff by the authority of a sheriff having the power to act within the confines of Morgan county, and to appoint under the law deputies to perform services generally as provided by law, or to perform *special services only* without taking oath, as provided by section 275 of the Political Code, supra. Since, under what we have already said as to the law on that point, it is immaterial, in making out the offense of obstructing lawful process, whether the deputy officer seeking to enforce the process had previously made oath or given bond, it would appear to be immaterial to the defendant whether the indictment alleges how and in what manner the deputy officer he was charged with resisting and opposing had been deputized to act in the particular case.

Since, under our ruling, the demurrer to the indictment should have been sustained, it would be fruitless to discuss or comment upon what followed in the trial.          *Judgment reversed.*