### 13837. EVANS *v.* THE STATE.

An accusation based upon section 311 of the Penal Code of 1910, which does not show the nature of the " process or order " which the officer is " serving or attempting to serve or execute," and that it was issued by some court in this State with proper authority to issue it, is fatally defective.

DECIDED NOVEMBER 14, 1922.

Accusation of obstructing legal process; from city court of Sandersville — Judge Goodwin. July 1, 1922.

*Evans & Evans,* for plaintiff in error.

*J. Hines Wood, solicitor,* contra.

BLOODWORTH, J. Plaintiff in error was convicted under an accusation which charged him with a misdemeanor, " for that the said Paul Evans, on the 12th day of April, . . in the county aforesaid, did then and there unlawfully and with force and arms knowingly and wilfully resist an officer of this State, to wit R. J. Page, legal constable of said State and county, in and for the 1253d G. M. district, in serving and attempting to serve a warrant, a lawful process, and did assault and beat the said R. J. Page, the said legal constable as aforesaid, in serving the said warrant and lawful process." A motion in arrest of judgment was filed, among the grounds of which were the following: " 2. Because the accusa-

tion itself sets out no offense under the laws of this State. 3. Because the accusation fails to set out the particular legal process, the enforcement of which it is charged was resisted by the defendant. 4. Because the accusation fails to show from what court the alleged legal process was issued. 5. Because the accusation fails to show by what authority the said R. J. Page was acting."

In *Paschal* v. *State*, 16 *Ga. App.* 158 (84 S. E. 725), Judge Wade said: "In the case now under consideration the indictment alleges merely that a deputy sheriff was attempting to serve and execute 'a lawful process, to wit, a mortgage execution on personalty, issued against the said Jack Paschal, alias Will Paschal, the same being in favor of J. Hulme Morgan, contrary to the laws of said State, the good order, peace, and dignity thereof.' It does not appear whether the mortgage execution which Gresham as a deputy sheriff was seeking to execute was issued by any court which possessed authority to issue the same, or in fact that it was issued by any court of any kind within the confines of this State, but, so far as the allegations in the indictment are concerned, the execution may have been issued either by some court in this State without proper authority to issue it, or by some court in another State. It appears to us that it is essential that the indictment should show from what court the process issued, not only in order that the defendant might be informed as to the particular process he is charged with obstructing, but also that it may appear from the indictment itself that the process was at least presumably a lawful one. The mere allegation that the process was 'a lawful process' without more, amounts to nothing but the expression of a conclusion." While the opinion from which we have just quoted was in a case where there was a demurrer to an indictment, yet it clearly points out the fatal defect in the indictment in the present case. In *Hunter* v. *State*, 4 *Ga. App.* 579 (61 S. E. 1130), there was a motion in arrest of judgment, and this court said: "In a prosecution for obstructing legal process in violation of § 306 of the Penal Code the accusation is insufficient to withstand a motion in arrest of judgment, where it fails to disclose the official character of the officer alleged to have been obstructed and the nature of the process he was attempting to serve, or to show otherwise that the officer was authorized to execute the process."

Under the foregoing rulings the accusation in this case is fatally

defective, and the court erred in overruling the motion in arrest of judgment.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*