19086.   LUCAS *v.* THE STATE.

DECIDED JULY 31, 1928.

*C. L. Cowart,* for plaintiff in error.

*M. W. Eason, solicitor, Joseph T. Grice,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) We will discuss headnotes 2 and 6 only.

Ground 3 of the demurrer alleges that "the affidavit upon which the accusation is based charges no crime against this defendant, and the accusation is void for the reason that it is based on no affidavit that is sufficient upon which to base an accusation;" but this ground does not show how or in what respect the affidavit is insufficient. "Demurrer, being a critic, must itself be free from imperfections." *Douglas &c. R. Co.* v. *Swindle,* 2 *Ga. App.* 550 (4) (59 S. E. 600). Moreover, in the brief of counsel for the plaintiff in error it is urged that this insufficiency is due to the fact that the affidavit merely charges the defendant with having committed a "misdemeanor." "An accusation in a city court, in the absence of a clear contrary provision in the act creating the court, may lawfully be based upon an affidavit charging the defendant with the offense of 'misdemeanor.'" *Hunter* v. *State,* 4 *Ga. App.* 579, 580 (61 S. E. 1130), and cit.; *Lewis* v. *State,* 28 *Ga. App.* 681, 682 (113 S. E. 228), and cit. In the act creating the city court of Reidsville there is no "clear contrary provision."

The special grounds of the motion for a new trial all complain of the admissibility of specified evidence. The evidence complained of in the first four grounds was properly admitted. It was permissible to show that Kicklighter, the maker of the check, had given the bank instructions not to cash the check unless the payee was positively identified as Williams, and that the bank cashed the check contrary to these instructions. This was material to show why the bank lost the money as alleged in the accusation, as well as to sustain the allegations relative to these instructions.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*