## 30874. HADDEN *v.* THE STATE.

DECIDED SEPTEMBER 15, 1945.   REHEARING DENIED OCTOBER 5, 1945.

*M. C. Barwick,* for plaintiff in error.

*W. D. Lanier, solicitor,* contra.

BROYLES, C. J. (After stating the foregoing facts.) ■ Grounds (a) and (b) of the motion to arrest the judgment are without merit. The accusation plainly charged injury, damage, and loss to Johnson, the prosecutor. Those allegations may have been subject to special demurrer, but show no cause for arresting the judgment. "Such a motion [in arrest of judgment] must be predicated upon some defect, *not amendable,* which appears on the face of the record or pleadings." *Smith* v. *State,* 17 *Ga. App.* 612 (87 S. E. 846), and citations. Ground (c) of the motion is not argued or insisted upon in the brief of counsel for the plaintiff in error, and therefore is treated as abandoned. However, ground (d) is strongly insisted upon by said counsel, who contends that the accusation was void because it failed to allege that the defendant made any representation whatsoever to the prosecutor.

The accusation was drawn under the Code, § 26-7410, which reads: "Other offenses of like kind. Any person using any deceitful means or artful practice, other than those which are mentioned in Part XII of this title, by which an individual, or a firm, or a corporation, or the public, is defrauded and cheated, shall be punished as for a misdemeanor." The present accusation is substantially in the language of that section, and was not void because it failed to charge that the accused had made any representation to the prosecutor. Under the section of the Code just quoted, "any deceitful means or artful practice" may embrace either false and fraudulent representations, or other deceitful and fraudulent conduct which cheats and defrauds the prosecutor. In other words, under this particular Code section, one may be guilty of cheating and swindling although he made no representation whatever to the person defrauded. This is clearly shown by the decision in *Jones* v. *State,* 97 *Ga.* 430 (25 S. E. 319), where no representation whatever was made by the defendant, and where he was found guilty of cheating and swindling in that he had used other deceitful and fraudulent means and conduct to retain the property of the prosecutor, to her damage and injury, and where his conviction was affirmed by the Supreme Court. The decisions cited in behalf of the instant defendant are in cases where the accusations were drawn under other Code sections, or where their particular facts distinguish them from this case.

■ The evidence was in sharp conflict, and would have amply authorized the acquittal of the defendant. The evidence for the State, and especially that tending to show an intent by the defendant to cheat and defraud the prosecutor, was weak and in many respects unsatisfactory, but this court can not hold that there was *no* evidence authorizing the finding of the judge, presiding, by consent, without the intervention of a jury.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*