37698. CURTIS *v.* THE STATE.

DECIDED JUNE 26, 1959.

*Archibald A. Farrar, Marvin O'Neal, Jr.,* for plaintiff in error.

*Jeff C. Wayne, Solicitor-General, Sidney O. Smith, Jr.,* contra.

TOWNSEND, Judge. ■ ■ Code (Ann.) § 97-112 (Ga. L. 1957, p. 159), a part of the Georgia Securities Act, provides: "It shall be a fraudulent practice and it shall be unlawful: . . . (b) For any person, in connection with any transaction or transactions in this State which involve any offer to sell or to buy securities or any sale or purchase of securities, including securities exempted under the provisions of Section 97-106 and including any transactions exempted under the provisions of Section 97-107, either directly or indirectly (1) to employ any device, scheme, or artifice to defraud, or (2) to engage in any act, practice, transaction or course of business which operates or would operate as a fraud or deceit upon the purchaser or seller." Code (Ann.) § 97-9901 provides that any person wilfully violating any provision of Chapter 97-1 shall be guilty of a misdemeanor. Comparison of the counts set out in the statement of facts with the statute is sufficient to demonstrate that the indictment in fact "states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may easily be understood by the jury" as required by Code § 27-701. It is contended, however, that fraud is the gravamen of the offense, and that accordingly, as in the cheating and swindling offenses it is necessary to allege and prove that the person alleged to have been defrauded and cheated shall have sustained some pecuniary loss, citing *Busby* v. *State,* 120 *Ga.* 858 (1) (48 S. E. 314); *Wilson* v. *State,* 84

*Ga. App.* 703 (6) (67 S. E. 2d 164); *Mobley* v. *State,* 13 *Ga. App.* 728 (2) (79 S. E. 906), and similar cases. As stated in the brief, "Plaintiff in error takes the position in this matter that since the General Assembly in defining fraudulent practices used the term fraud and deceit in Code § 97-112 that the legislative intent was that fraud and deceit meant the same thing under this Code section as under Code § 26-7410, since fraud and deceit can only mean exactly what they say, i.e.: the act of taking something from a person by false representations, wilfully, whereby he injures and damages the person from whom he took something." Code § 26-7410 provides that the use of any deceitful means or artful practice *by which one is defrauded and cheated* shall be punished as for a misdemeanor. The fraudulent practice involved in this section must by definition be one which resulted in success to the perpetrator, so that it becomes essential to show that the victim was in fact defrauded—that is, suffered a pecuniary loss. Code (Ann.) § 97-112 on the other hand makes it unlawful, and by definition a fraudulent practice, to employ any scheme or device *to defraud.* The one is retrospective in nature, the other prospective. A scheme to defraud is such a scheme as is initiated by the perpetrator with an intent to defraud another and cause him to suffer a pecuniary loss, but the intent, not the loss, is the subject matter of the crime. Under Code § 26-7410 it must be shown that the victim has been defrauded as a result thereof. Under Code (Ann.) § 97-112 the existence of the scheme, device or artifice, and its use with an intent to defraud, regardless of outcome, constitutes the inhibited act. Under this construction, while a jury might convict the perpetrator of the act whether the victim was in fact defrauded or not on proof that the intent to defraud was present, it could not convict the defendant, whether the victim was defrauded or not, unless there was sufficient evidence to show that the false statements were made with an intent to defraud the victim and cause him to suffer pecuniary loss. This Code section differs from the old Code § 97-9901 which made a mere proof of a false statement prima facie proof of the fact that it was knowingly so made. It is not necessary in an indictment under Code 97-112 to allege

that the victim was in fact defrauded. The general demurrers were properly overruled.

■ The various counts are not subject to demurrer on the ground of ambiguity, indefiniteness, or that they constitute no more than conclusions. The indictment refers to more than one defendant, but, as to each, alleges that the said accused did make the statements therein set out. Such statements would be sufficient, if untrue and made with intent to defraud, to constitute a scheme and device to sell the securities in question on the part of each defendant, but whether any particular defendant made the statement or was otherwise so connected with the statement as to constitute him a principal in regard thereto is a matter for proof on the trial of the case. The trial court did not err in overruling demurrers Nos. 5, 8, 9, 10 and 11 to the various counts of the indictment.

■ It is further contended by the third ground of demurrer that the criminal provisions of the Georgia Securities Act codified as Code (Ann.) §§ 97-112, 97-113 and 97-9901 are vague, ambiguous, and insufficient in law to be the basis of a criminal prosecution. As stated above, Code (Ann.) § 97-112 is the one under which this indictment was drawn, and it provides that the acts set out therein *shall be unlawful.* Code (Ann.) § 97-9901 provides in part: "Any person who shall wilfully violate any provision of Chapter 97-1, . . . or who shall engage in any act, practice or transaction declared by any provision of said Chapter to be unlawful, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not more than $500 for first offense and shall be punished by a fine of not more than $5,000, or by imprisonment for not more than one year, or by both such fine and imprisonment for subsequent offenses." As to this section it is contended that it is wholly void because it cannot be determined whether a misdemeanor or felony punishment is intended for offenses after and subsequent to the first offense; that it does not state the place of imprisonment, and that the maximum fine of $5,000 is greater than that assessed in misdemeanor cases. Under Code (Ann.) § 27-2506 misdemeanors are punishable by a fine not to exceed $1,000 *unless otherwise provided.* Code (Ann.) § 97-9901 spe-

■

738

cifically provides that a violation of the acts pronounced by Code (Ann.) § 97-112 to be unlawful shall be a misdemeanor, and provides no punishment inconsistent with misdemeanor punishment. Since no violation of Code (Ann.) §§ 97-112 or 97-113 is here involved, and since Code (Ann.) § 97-9901 is not subject to the objection urged here, ground 3 of the demurrer is without merit.

Special demurrers 4, 6 and 7 are, however, well taken. These demurrers attack each count of the indictment on the ground that "same does not show how the named prosecutor was defrauded" and "does not show fraud upon the said prosecutor," and that no pecuniary loss is shown. While, as stated before, the statute penalizes a false statement made with intent to defraud, whether loss is sustained or not, it also provides for punishment of a scheme or artifice which "operates or would operate" as a fraud, and thus subjects the offender to punishment (a) in the event the scheme to defraud actually operates as a fraud, or (b) would, if successfully consummated according to the intentions of the perpetrator, be a fraud on the purchaser, even though it did not in fact so result. As against special demurrer, the indictment here is defective for the reason that it does not stop after alleging that the defendant was guilty of a described scheme and device to defraud and which would operate as a fraud upon the prosecutor; it further alleges that the scheme *did* operate as a fraud upon the person who purchased the stocks. It is essential that an indictment which alleges that another has been defrauded also allege that such person has suffered a pecuniary loss. *Hadden* v. *State,* 73 *Ga. App.* 23 (35 S. E. 2d 518); *Busby* v. *State,* 120 *Ga.* 858, supra. Where the question is raised by timely written special demurrer, every defendant in a criminal case has the right to be tried upon an indictment perfect in form and substance. *Youmans* v. *State,* 51 *Ga. App.* 373 (180 S. E. 495); *Robinson* v. *State,* 93 *Ga. App.* 203 (1) (91 S. E. 2d 52); *Kyler* v. *State,* 94 *Ga. App.* 321 (3) (94 S. E. 2d 429). A statement in an indictment or accusation which, as against demurrer, is a mere conclusion is subject to demurrer because no facts supporting such conclusion are alleged. *Smith* v. *State,* 58 *Ga. App.* 478 (1) (199 S. E. 62); *Paschal* v. *State,* 16 *Ga. App.* 155,

158 (84 S. E. 725); *Roughlin* v. *State,* 17 *Ga. App.* 205 (1) (86 S. E. 452). Accordingly, as to that part of the indictment which alleges that the acts of the defendant did operate as a fraud upon the named prosecutor, it is subject to demurrer for the reason that no pecuniary loss is alleged, but on the contrary it is affirmatively stated in the indictment, as to each count, that the prosecutor received exactly what he purchased—a given number of shares of stock in a corporation—and it does not appear that the shares were not worth the amount of money charged and collected, or that the purchasers suffered any loss whatever. Under the wording of this indictment, special demurrers 4, 6 and 7 were erroneously overruled.

■ The pleas in abatement and in bar raise for consideration the same question, and that is whether these criminal proceedings have been properly initiated, in regard to which there is a stipulation in the record as follows: "It is hereby stipulated by the Solicitor-General of Hall County that he had not received instructions from the Attorney-General of the State of Georgia to institute criminal proceedings and that the indictment was based upon the findings of the grand jury of Hall County upon warrants issued by certain named prosecutors as individuals from Hall County." The plaintiff in error contends that under Code (Ann.) § 97-113 the Attorney-General and not the solicitor-general must initiate criminal proceedings looking toward the punishment for a violation of the Georgia Securities Act. Code (Ann.) § 97-113 (3) provides that the Commissioner *may at his discretion* "(3) transmit such evidence as may be available concerning such act, practice or transaction to the Attorney-General, who may, in his discretion, institute the necessary criminal proceedings." Code (Ann.) § 97-9901 provides in part: "Nothing in this Chapter or Chapter 97-1 shall limit any statutory or common law right of the State to punish any person for any provision of any law." Code § 27-701 provides for the initiation of criminal proceedings by indictment by the grant jury. In such proceedings, the solicitor-general is ordinarily the prosecuting officer for the State. Code § 27-1407. The use of the solicitor as such prosecutor is undoubtedly a right of the State within the meaning of Code (Ann.) § 97-9901. Code (Ann.) § 97-113 is

permissive in character and provides for a manner of the initiating of criminal proceedings through the Commissioner and Attorney-General, but it is by no means intended to be exclusive, and the fact that the solicitor rather than the Attorney-General appeared before the grand jury, or that warrants were sworn out in the first instance and prior to the grand jury proceedings by affidavit of the individual prosecutors, in no way renders the indictment illegal. Accordingly, it was not error to overrule the plea in abatement and the plea in bar.

The trial court erred in overruling special demurrers 4, 6 and 7 to the indictment.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*