37972.   COHEN *v.* THE STATE.

Decided January 15, 1960.

John Bruner, William Hall, for plaintiff in error.

Sam P. Burtz, Solicitor-General, Jess H. Watson, contra.

GARDNER, Presiding Judge. 1. We will first discuss and pass on the ruling of the trial judge on the demurrers and the motion to quash the indictment. This indictment was drawn under Code § 26-7410. Counsel for the defendant contends that the defendant should have been indicted under Code (Ann.) § 97-112 instead of Code § 26-7410. Under Code (Ann.) § 97-113 which is part of Title 97 regarding securities it is not essential that criminal proceedings be instituted, but that section gives the Commissioner the right to issue an order to prohibit salesmen from continuing the sale of questionable securities and also gives the Commissioner the right to apply for an injunction to restrain such acts and further gives the Commission the

right to turn over any evidence to the solicitor-general who *may* institute the necessary criminal proceedings. In regard to Code § 26-7410, counsel for the defendant contends that that Code section has been held to be too indefinite and uncertain to define a criminal offense or to be the basis of a criminal prosecution. In support of this contention counsel cites *Poole* v. *State,* 47 *Ga. App.* 303 (170 S. E. 309). That case concerns operating a motor vehicle and does not concern cheating and swindling. For that reason that case has absolutely no application to the case at bar. *Howard* v. *State,* 151 *Ga.* 845 (108 S. E. 513) also was a case involving the Motor Vehicle Act and is not applicable to the case at bar. *Manley* v. *State,* 166 *Ga.* 563 (144 S. E. 170) concerns an indictment drawn under the penal statute in regard to state banking practices. That case is not applicable to the case at bar. In *Curtis* v. *State,* 99 *Ga. App.* 732 (109 S. E. 2d 868), the indictment there being drawn under Code (Ann.) § 97-112, Judge Townsend, speaking for the court in discussing Code § 26-7410, differentiated between the last two mentioned Code sections. There it was stated that under Code § 26-7410, it must be shown that the defendant has been defrauded as a result of a scheme and device to defraud. It is clear that the evidence in the instant case shows that the victim Orr was defrauded of the sum of $2,100. Judges Townsend and Carlisle make the following comments on this point: While *Curtis* v. *State,* supra, points out that Code (Ann.) § 97-112 makes it a penal offense to do certain acts which *would operate* as a fraud regardless of whether a fraud was in fact successfully perpetrated or not, that case further points out that the section, like Code § 26-7410, also makes penal certain acts which did when committed constitute a fraud, and when a completed fraud is alleged it is necessary to show the elements thereof under Code (Ann.) § 97-112, that is, that some person was in fact defrauded. Accordingly, the *Curtis* case standing alone is not authority for the conclusion that there exists so much difference between the two Code sections that a case involving sale of worthless stock would be brought under the cheating and swindling statute rather than the securities fraud statute where the offense was completed. No such distinction exists, the latter statute cover-

ing both classes of cases. That being so, the rule would ordinarily be as contended by the plaintiff in error that, a statute having been passed dealing specifically with fraudulent sales of stock, and setting out a punishment therefor different from and less than the ordinary misdemeanor punishment, acts constituting a crime under the securities act should be prosecuted under the terms of that act, and not under the catch-all cheating and swindling statute, Code § 26-7410, which is designed to encompass all other cases not specially provided for by law. This was definitely decided in *Sharp* v. *State*, 7 *Ga. App.* 605 (67 S. E. 699). The distinction is, however, that the securities act was not intended by the legislature to be exclusive, as it would ordinarily be, but only cumulative, as evidenced by the words codified in Code (Ann.) § 97-9901 as follows: "Nothing in this Chapter or Chapter 97-1 shall limit any statutory or common law right of the State to punish any person for any provision of any law." At the time of the passage of the act the State had a statutory right under Code § 26-7410 to punish for fraudulent misrepresentations of the value of shares of stock as a result of which another is defrauded. *Whitaker* v. *State*, 11 *Ga. App.* 208 (75 S. E. 258). Since that right was not limited by the securities act, the indictment is not demurrable on the ground that the offense is no longer comprehended under this Code section. It is contended that the words of the statute above quoted "statutory or common law right of the State to punish any person for any provision of any law" should be disregarded as meaningless, first, because the State has no common law right to punish, there being no crimes in Georgia except those made so by statute, and second, because the State does not punish for a provision of law, but for a violation of a provision of law. Statutes must be given a reasonable intendment where this is possible, and this sentence, although poorly worded from a technical point of view, clearly intends a reservation to the State of any right to punish for infraction of any statute which the State may have had at the time of the passage of the act.

2. The indictment in this case alleges that "Clarence Orr paid the sum of $2,100" for the worthless stock, "whereby the said

Clarence Orr was cheated and defrauded out of the sum of $2,100." This is a sufficient allegation as to the ownership of the money under the authority of *Scott* v. *State*, 53 *Ga. App.* 61, 66 (185 S. E. 131). *McElmurray* v. *State*, 76 *Ga. App.* 604, 607 (47 S. E. 2d 139) was reversed for the reason that the indictment stated only that "H. Ross Rogers did pay him, the defendant therefor (the property in question) the sum of $1,925," and that "the said H. Ross Rogers had been injured and damaged in the sum of $1,925." It is pointed out that "the language in the present case is not in the language of the Code, that H. Ross Rogers had been 'cheated and defrauded' of a stated sum of money, but that he had been injured and damaged in a stated sum of money. Without being cheated and defrauded, Rogers could have been injured and damaged as a result of the payment by him to the accused of the $1,925 of some other person's money." Since the language of the Code is used in this case, the indictment is not demurrable on the ground that it does not sufficiently allege the ownership of the money paid for the stock.

On an indictment for cheating and swindling it is not a fatal variance that the loss alleged is for an amount larger than the amount proved, where the larger amount alleged includes the lesser amount proved. *Kemp* v. *State*, 61 *Ga. App.* 337 (7) (6 S. E. 2d 196). The indictment here alleges that the stock purchased by Orr was worthless. The evidence on the trial showed that it had no market value and was therefore worthless, although it did have a certain "book value." The court charged that the jury might convict if they found, among other things, that the defendant "represented to Mr. Orr that the stock of Continental Underwriters had a value of $21 a share, and that said stock did not have such value, and the defendant knew it did not have such value", to which charge exception is taken on the ground that, the State having alleged the stock had no value whatever, it was incumbent upon it to prove this fact and the instruction was accordingly erroneous. Value is, in the last analysis, a matter of opinion, and although the charge would have authorized a conviction even though the jury found the stock to have some value, if the jury also found the value was ma-

terially less than that represented and the defendant was defrauded thereby, it was not error for the reason that conviction under these circumstances would not be subject to the criticism that there was a fatal variance between allegation and proof.

3. As to the remaining special demurrers, it is no ground of demurrer to an indictment that it is not alleged whether the representations were parol or written. *Turnipseed v. State*, 53 *Ga. App.* 194 (185 S. E. 403).

4. Special ground 1 complains of certain language of the court to the jury on the ground that it constitutes an expression of opinion that certain things were proved on the trial of the case. The defendant here introduced no evidence, nor made any statement, and the evidence of the State demanded a finding that Declet, a salesman working for the defendant, did receive a check from the prosecutor, Orr, as the court charged. Special ground 3 complains that, as to the same excerpt from the charge, it constituted an authorization to the jury to convict the defendant merely on proof that Declet as a salesman was acting as the agent of the defendant in selling stock regardless of any fraudulent intent, knowledge, or participation on the part of Cohen in Declet's misrepresentations. The charge is susceptible to these criticisms and would constitute reversible error except for the fact that the evidence demands a finding that what Declet did in selling the stock was done on orders of Cohen, including the false statements as to the corporation's income producing capabilities and the profit and loss sheet which falsely represented the corporation as being income producing, when it was not, and which was given by Cohen to Declet for the purpose of being exhibited to prospective stock purchasers. Accordingly we do not consider the error in this part of the charge as reversible as it could not, under the evidence, have harmed the defendant.

5. Special ground 2 assigns error because it is alleged that the court erred in charging the jury that if the defendant or any of his agents or conspirators received the check from Mr. Orr and had represented to Mr. Orr that the stock of Continental Underwriters, Inc., had a value of $21 a share and it developed that such stock did not have such value, and if the statement in regard to the value was made a part of a scheme for the

purpose of defrauding Mr. Orr and that Mr. Orr acted on same and sustained a loss, the defendant would be guilty of cheating and swindling. The evidence in this case is entirely sufficient to justify the charge of the court as set out in special ground 2. Special ground 2 is not meritorious.

6. Special ground 3 assigns error on an excerpt from the charge of the court substantially the same as set out in special ground 2. Special ground 3 is not meritorious.

7. Special ground 4 assigns error because it is alleged that the court erred in charging the jury as follows: "The general authority by the employer to his salesmen to sell unlawfully would render him answerable criminally for any single sale made by the salesmen in pursuance of such authority." The allegations as to error in regard to this charge are substantially the same as those in special grounds 2 and 3. This excerpt from the charge of the court shows no ground for reversal because even one act of cheating and swindling would be the basis of a conviction the same as. if there were many acts of cheating and swindling committed. This special ground is not meritorious.

8. As to the general grounds, the evidence is amply sufficient to sustain the verdict of guilty. All the elements necessary to prove the crime of cheating and swindling were developed during the trial. The general grounds are not meritorious.

The court did not err in any of the rulings.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*